**Yuman BLACK, Appellant,**

v.

**Don WILLS, Appellee.**

**No. 05–87–01101–CV.**

Court of Appeals of Texas, Dallas.

Aug. 30, 1988.

Rehearing Denied Oct. 25, 1988.

G. Craig Hubble, for appellant.

Bryan T. Pope, Dallas, for appellee.

Before WHITHAM, STEWART and LAGARDE, JJ.

LAGARDE, Justice.

This is an appeal from a summary judgment in favor of defendant, Don Wills. The trial court found that Yuman Black's suit was barred by the two-year statute of limitations. In two points of error, Black contends: (1) that the trial court committed error by granting Wills' motion for summary judgment because Black's cause of action is governed, in whole or in part, by the four-year statute of limitations rather than the two-year limitations period; and (2) that the trial court erred in denying Black's motion for new trial because the motion presented newly discovered evidence and, if admitted, would probably change the result of the trial court's ruling on the motion for summary judgment; in any event, Black contends, the motion for new trial stated good cause for granting a new trial. We disagree and, accordingly, affirm the trial court's judgment.

On or about April 27, 1979, Black employed Wills to represent him regarding a claim for worker's compensation. Wills filed suit on behalf of Black, and the cause was set for trial in a district court of Tarrant County, Texas, for the month of November, 1982. Wills received notice of the trial setting by mail from the clerk of the court. A copy of the Tarrant County docket for all cases set for the month of November 1982, was also sent to Wills. Despite these two notices, Wills failed to appear for trial on the scheduled date. As a result, on November 24, 1982, the trial court dismissed the worker's compensation suit for want of prosecution.

Black filed suit against Wills on April 17, 1985. In his original petition, Black alleged that Wills' conduct constituted gross negligence and that had Wills performed his duties with ordinary care and prudence, Black would have recovered just and fair compensation.

Wills filed a motion for summary judgment on April 24, 1987. Wills argued that Black's cause of action for legal malpractice, regardless of whether it was couched in terms of contract or tort, was a suit for malpractice and barred by the two-year statute of limitations. TEX.CIV.PRAC. & REM.CODE ANN. § 16.003 (Vernon 1986).[1] On May 28, 1987, Black filed a response to the motion for summary judgment and an amended petition. In his amended petition, Black alleged that a written contract evidenced Wills' agreement to represent Black; therefore, contends Black, Wills' conduct constituted a breach of contract and a breach of an implied warranty to perform in a good and workmanlike manner. Black also sought recovery under the theories of negligence and gross negligence. In his response to Wills' motion for summary judgment, Black argued that the four-year statute of limitations was applicable. TEX.CIV.PRAC. & REM.CODE ANN. § 16.004 (Vernon 1986). On June 5, 1987, the motion for summary judgment was heard, and the trial court rendered judgment in favor of Wills and ordered that Black take nothing.

Wills contends that Black's amended petition was improper and should be disregarded for two reasons: first, that it was not timely filed[2] and, second, that it was filed without leave of court. Because Wills did not show surprise when Black filed the amended petition and because the trial court granted Wills' motion for summary judgment, we will assume, without deciding, that Black's failure to obtain leave for filing the amended petition was cured by the trial court's action in considering the amended pleading. *Cf. Goswami v. Metropolitan Savings & Loan Association*, 751 S.W.2d 487 (Tex.1988).

## SUMMARY JUDGMENT

■ On appeal, Black concedes that the issues of discovery, fraudulent conceal-ment, and tolling the statute of limitations were not raised at or before the hearing on the motion for summary judgment. Rule 166a(c) of the Texas Rules of Civil Procedure provides that "[i]ssues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal." The Texas Supreme Court has stated that unless the non-movant intends to attack the legal sufficiency of the grounds raised in a motion for summary judgment, the non-movant must expressly present to the trial court any reasons seeking to *avoid* the movant's entitlement to summary judgment, and he must present summary judgment proof where necessary to establish a fact issue. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). No longer must a movant negate all possible issues of law and fact that could be raised by the non-movant in the trial court but were not. *Id.* at 678. "[T]he non-movant must now, in a written answer or response to the motion, expressly present to the trial court those issues that would defeat the movant's right to a summary judgment and failing to do so, may not later assign them as error on appeal." *Id.* at 679.

■ In negligence cases, the claimant has the burden of pleading and proving facts suspending operation of a statute of limitations. *Willis v. Maverick*, 760 S.W.2d 642, 647, (Tex.1988). Therefore, Black had the burden of pleading and proving his affirmative defenses to the statute of limitations. *Hartsough v. Steinberg*, 737 S.W.2d 408, 411 (Tex.App.—Dallas 1987, writ denied), *quoting Smith v. Knight*, 608 S.W.2d 165, 166 (Tex.1980). There is undisputed summary judgment proof that Black's worker's compensation case was dismissed on November 24, 1982 and that the malpractice action was filed more than two years later. In his response, Black failed to raise a question of fact regarding his failure to

---

1. Formerly TEX.REV.CIV.STAT.ANN. art. 5526.

2. Rule 1.9(a) of the Dallas Civil District Court Rules requires that "[a]ny amended pleading offered for filing within fourteen (14) days of the date of trial shall be considered only as a trial amendment pursuant to Rule 66, Texas Rules of Civil Procedure, and shall be filed only after obtaining leave of court, upon motion and notice to all adverse parties.

discover his legal injury until April 1983, Wills' failure to disclose the dismissal of the worker's compensation suit, or Wills' continued representation of Black through June 9, 1983. Instead, Black's response to the motion for summary judgment consisted of a challenge to the applicable statute of limitations.

### STATUTE OF LIMITATIONS

In his first point of error, Black contends that the trial court erred in granting Wills' motion for summary judgment because Black's action against Wills is governed, in whole or in part, by the four-year statute of limitations. TEX.CIV.PRAC. & REM. CODE ANN. § 16.004 (Vernon 1986). First, Black argues that Wills was obligated "to represent [Black] and to settle or prosecute to judgment" the worker's compensation claim, and that Wills, by failing to appear for trial, breached an express contractual provision. Black asserts that a cause of action for breach of a written contract for legal services is not the equivalent of a cause of action for legal malpractice; therefore, Black argues that the four-year statute of limitations should be applied to his cause of action for breach of contract.

In the alternative, Black contends that his cause of action for negligence is not literally an action for "an injury to the person" and is therefore governed by the four-year statute of limitations. *See generally Anderson v. Sneed*, 615 S.W.2d 898, 903–4 (Tex.App.—El Paso 1981, no writ). He argues that his negligence claim against Wills is an "action for debt" resulting in economic loss; therefore, Black argues, his claim should not be controlled by section 16.003. TEX.CIV.PRAC. & REM. CODE ANN. § 16.003 (Vernon 1986). The court in *Anderson* discussed the possibility of applying the four-year statute of limitations to legal malpractice actions sounding in tort, to-wit:

> A simple reading of the statutes of limitations, without any review of the cases, would perhaps cause one to conclude that a negligence case such as this would be barred after four years under Article 5529, Tex.Rev.Civ.Stat.Ann., because there is no statute of limitations applicable to "negligence cases." But, a review of the case law reveals that in every instance the courts have applied the two-year limitation provided for in Article 5526. [Citations omitted.] In none of those cases did the courts address the issue of which of the subdivisions of Article 5526 was to be applied to a malpractice case in which it was claimed that the defendant had been guilty of negligent conduct.

*Id.* at 903. The court then reviewed the following language from *Blondeau v. Sommer*, 139 S.W.2d 223, 225 (Tex.Civ. App.—Galveston 1940, writ ref'd):

> Since this is an action in tort for damages resulting from alleged acts of negligence and fraud on the part of appellee, it is governed by the two-year statute of limitation, R.S. Article 5526, Subd. 4, which provides that all actions for debt, where the indebtedness is not evidenced by a contract in writing, shall be commenced and prosecuted within two years after the cause of action shall have accrued.

Based upon this language the *Anderson* court states in dicta [3] that:

> Following the holding in [*Blondeau*], we can only conclude that a tort claim for damages alleged to have been sustained as a result of the negligence of another party has been held for many years to be barred by the provisions of Subdivision 4 of Article 5526, which provides a two-year limitation for "[a]ctions for debt where the indebtedness is not evidenced by a contract in writing." But, effective August 27, 1979, that provision was removed from Article 5526, and Article 5527 now provides that "[a]ctions for debt" are barred by the four-year limitation period. Therefore, it would appear that since the date of the amended statute, malpractice actions are now barred after four years and not two years. [footnote omitted].

*Id.* at 904.

Finally, Black contends that his cause of action should be controlled by Section 16.-

---

**3.** *Coastal Distributing Co. v. NGK Spark Plug Co.*, 779 F.2d 1033, 1039 (5th Cir.1986).

051[4] which provides as follows:

> Every action for which there is no express limitations period, except an action for the recovery of real property, must be brought not later than four years after the day the cause of action accrues.

Since a cause of action for malpractice is not specifically mentioned in either the two-year or four-year statutes, Black urges this Court to apply the "catch-all" provision of section 16.051 which provides for a four-year statute of limitations. We disagree with Black's contentions.

■ The prevailing view is that a cause of action for legal malpractice is in the nature of a tort and is thus governed by the two-year limitations statute. *Willis,* 760 S.W.2d at 644. This is true even though Black's cause of action is for damages resulting from a breach of a written contract. *Gabel v. Sandoval,* 648 S.W.2d 398, 399 (Tex.App.—San Antonio 1983, writ dism'd w.o.j.). As stated in *Citizens State Bank of Dickinson v. Shapiro:*

> Although couched in terms of a contract cause of action, these allegations basically do no more than reiterate the previously mentioned causes of action for ... breach of fiduciary duty. This ... cause of action ... sounds in tort, not contract, and thus the two-year limitations period is applicable. [citation omitted].

575 S.W.2d 375, 387 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.). Whichever label Black places on his cause of action, it is in the nature of a tort action; therefore, the two-year statute of limitations applies. *Id.* at 386.

■ We also reject the view that Black's claim is technically an "action for debt" which is governed by the four-year statute of limitations. An "action for debt" is a contract claim, and courts have consistently refused to disguise tort actions as contract claims so that plaintiffs could enjoy a longer limitation period. *Willis v. Maverick,* 723 S.W.2d 259, 261 (Tex.App.—San Antonio 1986), *aff'd,* 760 S.W.2d 642. Thus, we conclude that Black's causes of action against Wills for gross negligence, negli-

gence, breach of implied warranty and breach of contract are in the nature of a tort action, and we will apply the two-year statute of limitations.

■ We must now determine at what time the limitations period began. The primary purpose of a statute of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend while witnesses are available and the evidence is fresh in their minds. *Willis,* 760 S.W.2d at 644, *citing Robinson v. Weaver,* 550 S.W.2d 18, 20 (Tex.1977). However, the Texas Supreme Court has stated that in a legal malpractice action the statute of limitations does not begin to run until the claimant discovers or should have discovered, through the exercise of reasonable care and diligence, the facts establishing the elements of a cause of action. *Willis,* 760 S.W.2d at 644. The court explained its justification for the imposition of the discovery rule as follows:

> The policy reasons relied upon by Texas courts in adopting the discovery rule in actions for fraud, credit libel, and medical malpractice are no less compelling in legal malpractice actions. An attorney is obligated to use the skill, prudence, and diligence commonly exercised by practitioners of his profession. The California Supreme Court has recognized that a "[c]orollary to this expertise is the inability of the layman to detect its misapplication; the client may not recognize the negligence of the professional when he sees it." *Neel v. Magana, Olney, Levy, Cathcart & Gelfand,* 6 Cal.3d 176, 188, 491 P.2d 421, 428, 98 Cal.Rptr. 837, 844 (1971). A Texas commentator states: "it is unrealistic to expect a layman client to have sufficient legal acumen to perceive an injury at the time of the negligent act or omission of his attorney." Ward, *Legal Malpractice in Texas,* 19 S.Tex.L.J. 587, 613 (1978).

*Id.* at 645.[5] Thus, "the burden placed upon an attorney by application of the discovery rule is less onerous than the

---

4. TEX.CIV.PRAC. & REM.CODE ANN. § 16.051 (Vernon 1986).

5. We note that the Supreme Court has "declined to apply the discovery rule to cases involving

injustice of denying relief to unknowing victims." *Id.* at 646.

## ACCRUAL

■ For a suit to be timely under the two-year statute applicable to legal malpractice, it must be brought within two years following the date the cause of action accrues. *Willis*, 760 S.W.2d at 644; TEX. CIV.PRAC. & REM.CODE ANN. § 16.003 (a) (Vernon 1986). The question then becomes when a cause of action for legal malpractice accrues. Recognizing the fact that it had never ruled on the applicability of the discovery rule in legal malpractice cases, the Texas Supreme Court in *Willis, supra,* reviewed the implementation of the discovery rule in medical malpractice cases, explaining that these cases are particularly instructive. Although not discussed in *Willis*, we note that in *Morrison v. Chan*, the Texas Supreme Court specifically held that the legislature's intent in passing the current limitations provisions [6] was to abolish the discovery rule in cases governed by the Medical Liability Act. 699 S.W.2d 205, 208 (Tex.1985). The *Morrison* holding was based on the Supreme Court's recognition in *Nelson v. Krusen*, 678 S.W.2d 918, 920 (Tex.1984), that the limitations provision construed in *Gaddis v. Smith*, 417 S.W.2d 577 (Tex.1967), contained "accrual" language, whereas the successor statute contained no "accrual" language and thus imposes an absolute two-year statute of limitations regardless of when the injury was discovered. *Morrison*, 699 S.W.2d at 208.

■ As explained in *Willis*, the phrase "accrues" as used in the context of a statute of limitations embodies a substantive law concept, and the courts are called upon to determine when a cause of action accrues and thus when the statute of limitations commences. *Willis*, 760 S.W.2d at 644. The question of when a cause of action accrues is a judicial one. *Willis*, 760

medical misdiagnosis, observing that the policies underlying the statute of limitations outweigh[ed] [its] concern for claimants who unknowingly lose, due to limitations, causes of action based on medical misdiagnosis." *Id.* at 645, *citing Robinson*, 550 S.W.2d at 22.

S.W.2d at 644, *quoting Fernandi v. Strully*, 35 N.J. 434, 173 A.2d 277, 285 (1961).

The issue of accrual has plagued the courts of appeals, resulting in various interpretations of the "legal injury" rule. *Willis*, 760 S.W.2d at 644. With the implementation of the discovery rule, the accrual is "postponed" until the claimant discovers or should have discovered, in the exercise of reasonable care and diligence, the nature of the injury; therefore, the courts no longer must struggle with the substantive concept of "legal injury."

The *Willis* Court clarified the proper analysis to be used when addressing the issue of postponement of accrual:

The *McClung* court refused to apply the discovery rule, but held that the failure to disclose operates to toll the statute of limitations for so long as the duty exists, and that duty to disclose ceases when the relationship giving rise to the duty ends. *McClung*, [v. Johnson], 620 S.W.2d [644] at 647 [Tex.Civ.App.1981]. Application of the discovery rule, however, is more consistent with this court's analysis in prior cases addressing the accrual of causes of action for the purposes of statute of limitations. The discovery rule, furthermore, better balances the policies underlying the statute of limitations and the legal malpractice cause of action than does the approach reached by the *McClung* court. The discovery rule expressly mandates the client to exercise reasonable diligence to discover facts of negligence or omission. Further, the discovery rule operates to protect the client even when the attorney is not aware of the negligence and after the attorney-client relationship ceases to exist. *See, e.g.,* Note, *McClung v. Johnson: Limitations in Legal Malpractice Actions*, 34 Baylor L.Rev. 269, 278–80 (1982).

*Willis*, 760 S.W.2d at 645–646 n. 2.

■ The *Willis* court has reaffirmed that in negligence cases, the plaintiff has

6. The limitations provision for medical malpractice is currently found in TEX.REV.CIV. STAT.ANN. art. 4590i, § 10.01 (Vernon Supp. 1988), and was formerly found in TEX.INS. CODE ANN. art. 5.82, section 4 (repealed).

the burden of *pleading and proving* facts suspending the operation of a statute of limitations. *Willis,* 760 S.W.2d at 647. However, *Willis,* in our view, fails to clearly separate concepts and is, therefore, unclear insofar as its application to our facts is concerned. We read *Willis* as stating that pleading and proof of discovery facts constitute pleading and proof of "facts suspending the operation of a statute of limitations." But, if accrual does not occur until discovery and the plaintiff has the burden of pleading and proving discovery, but does not, then we must decide what concept to use in determining when the statute begins to run. We conclude, based on our understanding of *Willis,* that when discovery facts are pleaded and proved, accrual of the plaintiff's cause of action occurs at the time the plaintiff discovers, or should have discovered, in the exercise of reasonable care and diligence, the nature of the injury, and the statute of limitations runs from the date of accrual. On the other hand, when the plaintiff fails to plead and prove discovery facts, as here, we conclude that the "legal injury" rule is still a viable concept for determining when the cause of action accrues. Here, Black failed to timely plead or prove discovery facts; therefore, we will apply the "legal injury" rule as proposed by Wills.

 Under the "legal injury" rule, a cause of action sounding in tort generally accrues when the tort is completed, that is, the act committed and damage suffered. *McClung v. Johnson,* 620 S.W.2d 644, 646 (Tex.Civ.App.—Dallas 1981, writ ref'd n.r. e.), *citing Atkins v. Crosland,* 417 S.W.2d 150, 152 (Tex.1967). This is the date of legal injury and the statute of limitations begins to run at that time. *Pack v. Taylor,* 584 S.W.2d 484, 486 (Tex.Civ.App.—Fort Worth 1979, writ ref'd n.r.e.). The date of the legal injury is not the time it is discovered or the date when actual damage is fully ascertained. *Id.* The "legal injury" is illustrated as follows:

> If the defendant's conduct results in an invasion of the plaintiff's legally protected interest, so that he may obtain an immediate remedy in court, his right of action "accrues" with the invasion, pro-

vided some legally cognizable injury however slight, has resulted from the invasion or would necessarily do so. The defendant's conduct is in such case, categorized as "unlawful." Conversely, if no right of redress exists by reason of the defendant's conduct, because no legally protected interest of the plaintiff has been invaded at the time of the conduct complained of, the defendant's conduct is categorized as "lawful" and any cause of action based thereon does not accrue until some invasion of the legally protected interest does occur. [Citations omitted.]

*Zidell v. Bird,* 692 S.W.2d 550, 555 (Tex. App.—Austin 1985, no writ). The attorney's conduct must raise only a risk of harm to the client's legally protected interest; the harm need not be finally established or an inevitable consequence of the conduct. *Id.* at 557.

 Applying the above rules, then, to this case, as well as the two-year statute of limitations, which we have held applies, we conclude that had Black pleaded and proved discovery facts, his cause of action against Wills would have accrued at the time he discovered, or reasonably should have discovered, that his worker's compensation suit had been dismissed for want of prosecution and that suit should have been filed within two years from the date of accrual. However, because Black failed to plead and prove discovery facts, Wills established his entitlement to a summary judgment on the issue of limitations by pleading and proving that the "legal injury" giving rise to this malpractice suit, *i.e.,* the dismissal of Black's worker's compensation suit for want of prosecution on November 24, 1982, occurred more than two years prior to the filing of suit.

Wills argued in his summary judgment motion that the cause of action accrued at the time the suit was dismissed. Despite this argument, Black failed to avoid Wills' entitlement by raising the discovery rule issue or, put another way, raising the issue of postponement of accrual of his cause of action. Thus, to the extent that the discovery rule operates in legal malpractice cases to avoid the statute of limitations

defense, Black failed to raise this issue by way of summary judgment pleading and proof. We conclude, therefore, that the trial court properly granted Wills' motion for summary judgment. Black's first point of error is overruled.

### NEWLY DISCOVERED EVIDENCE

In his second point of error, Black contends that the trial court erred in denying his motion for new trial because the motion for new trial presented newly discovered evidence which was material and, if admitted, would probably change the result of the court's ruling on the motion for summary judgment; in any event, says Black, the motion stated good cause for granting a new trial. In Black's motion for new trial he argues that: (1) even though "legal injury" may have occurred on November 24, 1982, Wills continued to represent Black until June 9, 1983, and (2) Wills failed to inform him that the case had been dismissed for want of prosecution. Thus, Black contends that the two-year statute of limitations was tolled until either Black discovered that the case was dismissed, sometime in April 1983, or until the attorney-client relationship ended on June 9, 1983.

Black urged the trial court to grant the motion for new trial based upon the theory that the information regarding Wills' continued representation of Black through June 1983, as well as Wills' failure to inform Black that the case had been dismissed, constituted "newly discovered" evidence. G. Craig Hubble, in an affidavit filed as an exhibit to the motion for new trial, explained that he did not become Black's attorney until late April 1987. At that time, two large boxes of documents, constituting the complete file on this case and the complete medical history of Black from 1979 to the present, were delivered to Hubble's office. Because the motion for summary judgment was filed a short time thereafter, on April 24, 1987, Hubble contends that it was not possible to review all of the documents in the various files and subfiles prior to the time that it was necessary to respond to the motion for summary judgment. In addition, Hubble explains that Black had a speech impediment, possi-bly caused by his pain medication, which made it difficult for Hubble to obtain pertinent facts from Black with regard to his condition and the facts of this case. Hubble stated that Black tended to make rambling speeches in response to simple questions posed to him, making it difficult for Hubble to obtain information regarding the historical and factual background of this case.

■ In order to avail himself of the benefit of the discovery rule for the purposes of postponement of accrual of his substantive cause of action, Black, procedurally, should have raised the discovery rule issue prior to the hearing on the motion for summary judgment; however, the record before us shows that he did not. Because he did not do so, the issue was not timely raised. Nevertheless, Black contends that the information constitutes newly discovered evidence and was, therefore, timely raised in a motion for new trial. Although a motion for new trial may be granted on the grounds of newly discovered evidence, the question of whether a motion for new trial on the ground of newly discovered evidence will be granted or refused is a matter addressed to the sound discretion of the trial court, and the trial court's action will not be disturbed on appeal absent an abuse of such discretion. *Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex.1983).

■ It is incumbent upon the party seeking a new trial on the ground of newly discovered evidence to satisfy the trial court that the evidence has come to his knowledge since trial, that it was not owing to the want of due diligence that it did not come sooner, that it is not cumulative, and that it is so material that it would probably produce a different result if a new trial were granted. *Id.* at 809, *citing New Amsterdam Casualty Co. v. Jordan*, 359 S.W. 2d 864, 866 (Tex.1962). Black argues that the foregoing rules more properly relate to the trial of a cause on its merits. Thus, Black contends that in a proceeding for summary judgment, it should be enough to bring forth affidavits reflecting belated is-

sues of fact which will be brought to the court's attention during the course of trial. *City of Mesquite v. Scyene Investment Co.,* 295 S.W.2d 276, 281–282 (Tex.Civ.App. —Dallas 1956, writ ref'd n.r.e.).

■■■■ We disagree. *City of Mesquite* was decided in 1956 under a former version of section (c) of Rule 166a. In 1978 section (c) was amended to include the following language:

> ... Issues not expressly presented to the trial court by *written* motion, answer or other response shall not be considered on appeal as grounds for reversal. (emphasis added)

*Clear Creek,* 589 S.W.2d at 677. When a motion for new trial is filed after summary judgment has been granted, the district court may consider only the record as it existed prior to granting the summary judgment. Black, having raised no issue of discovery by either pleading or evidence at the summary judgment hearing, as it was his burden to do, is not entitled to raise the issue of discovery on appeal. *Parchman v. United Liberty Life Insurance Co.,* 640 S.W.2d 694, 696 (Tex.App.—Houston [14th Dist.] 1982, writ ref'd n.r.e.). Thus, in determining whether the trial court erred in granting summary judgment, we look to what was raised at the summary judgment hearing, not what was raised subsequent thereto. Because Black failed to raise a fact issue in his response to the motion for summary judgment regarding the matters raised in his motion for new trial, those facts were not timely presented and cannot be considered on appeal unless the trial court abused its discretion when it denied Black's motion for new trial.

■■ We are not convinced that the matters raised in Black's motion for new trial should be categorized as newly discovered evidence; rather, they are matters that were in existence at the time the motion for summary judgment was filed, and but for lack of due diligence on the part of Black, these matters should have been discovered prior to the hearing on the motion for summary judgment. Due diligence has not been exercised if the same effort used to procure the testimony subsequent to trial

would have had the same result if exercised prior to trial. *Dorbandt v. Jones,* 492 S.W.2d 601, 603 (Tex.Civ.App.—Austin 1973, writ ref'd n.r.e.), *citing Vance v. Obadal,* 256 S.W.2d 139, 142 (Tex.Civ.App. —El Paso 1953, writ ref'd). We hold that the trial court acted within its discretion when it denied Black's motion for new trial. Accordingly, Black's second point of error is overruled.

The judgment of the trial court is affirmed.