James Patrick **SMITH** and Smith & Conner, P.C., Appellants,

v.

Frances McKINNEY, Appellee.

No. C14–89–00696–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 10, 1990.

Rehearing Denied July 5, 1990.

Henry P. Giessel, Alice M. Giessel, Houston, for appellants.

David A. Gibson, Candace Sturdivant, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a legal malpractice action instituted by appellee, Frances McKinney, against James Patrick Smith and Smith & Conner, P.C. (Smith) in which negligence and proximate causation were stipulated. The jury awarded damages in the amount of $123,468 and the trial court entered judgment in favor of Mrs. McKinney. We reverse and render.

In their first point of error, appellants assert the trial court erred in overruling defendants' motion for directed verdict, motion of judgment and objection to plaintiff's tendered form of judgment, based upon the bar of two-year statute of limitations. In their second point of error, appellants assert the trial court erred in overruling defendants' motion for judgment based upon the bar of two-year statute of limitations because plaintiff had no pleadings, proof or findings regarding the discovery rule. We consolidate both points of error in our treatment of this case.

This appeal arises from the legal representation by James Patrick Smith, partner in the law firm Smith & Conner, P.C. Smith represented Frances McKinney in a divorce action heard on November 23, 1981. On November 25, 1981, Smith advised Mrs. McKinney to sign an Exxon release form which used the word "annuity" rather than "retirement." Smith did not realize that the word "annuity" was the functional equivalent of the word "retirement." As a direct result of Smith's advice, Mrs. McKinney signed away her community interest in Mr. McKinney's retirement benefits at Exxon. Smith subsequently drafted the divorce decree which neglected to address Mrs. McKinney's community interest in Mr. McKinney's Exxon retirement benefits, but which awarded Mr. McKinney one-half of the retirement benefits. On December 18, 1981, the final judgment in the divorce action was signed. In April of 1985, Mrs. McKinney learned of the loss of her community interest in the Exxon retirement benefits and contacted Smith on April 11, 1985. The present action for legal malpractice was filed on October 29, 1986. On September 23, 1988, Smith filed his first amended original answer, asserting the two year statute of limitations as a plea in bar. On March 15, 1989, the cause came on for trial. Smith admitted at trial that he was negligent in preparing the divorce decree and in advising Mrs. McKinney to sign the release and that each of these acts was a proximate cause of damages.

In *Willis v. Maverick*, 760 S.W.2d 642 (Tex.1988) the Texas Supreme Court reviewed a malpractice suit by a former wife against the attorney who represented her in her divorce action. The Court held in pertinent part that:

> ... the two-year statute of limiations governs the present case. Tex.Civ.Prac. & Rem.Code Ann. § 16.003 (Vernon 1986). "A cause of action for legal malpractice is in the nature of a tort and is thus governed by the two-year statute of limitation." 760 S.W.2d at 644.

The Court further adopted the discovery rule as to legal malpractice actions:

> Accordingly, we hold that the statute of limitations for legal malpractice actions does not begin to run until the claimant discovers or should have discovered through the exercise of reasonable care and diligence the facts establishing the elements of his cause of action. 760 S.W.2d at 644.

The pleading and proof requirements of the discovery rule are prescribed in *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515 (Tex.1988). The Texas Supreme Court held in relevant part:

742

We hold that the discovery rule is a plea in confession and avoidance. A plea in confession and avoidance is one which avows and confesses the truth in the averments of fact in the petition, either expressly or by implication, but then proceeds to allege new matter which tends to deprive the facts admitted of their ordinary legal effect, or to obviate, neutralize, or avoid them.... This most closely describes the function of the discovery rule, which asserts that while the statute of limitations may appear to have run, giving rise to that appearance should not control. 769 S.W.2d at 517, 518

A party seeking to avail itself of the discovery rule must therefore plead the rule, either in its original petition or in an amended or supplemented petition in response to defendant's assertion of the defense as a matter in avoidance. TEX.R. CIV.P. 94; ... A defendant who has established that the suit is barred cannot be expected to anticipate the plaintiff's defenses to that bar. A matter in avoidance of the statute of limitations that is not raised affirmatively in the pleadings will, therefore, be deemed waived. TEX. R.CIV.P. 94; ... The party seeking to benefit from the discovery rule must also bear the burden of proving and securing favorable findings thereon ... 769 S.W.2d at 518 (Citations omitted).

Mrs. McKinney's pleadings alleged that her legal injuries were sustained in regard to the Exxon assignment of benefits form (signed November 23, 1981) and also to the Final Decree of Divorce (signed December 18, 1981.) It is apparent that this lawsuit was filed five years after the legal damage to Mrs. McKinney's interest occurred.

Under the "legal injury" rule, a cause of action accrues when the tort is completed, that is, the act and damage suffered. *Black v. Wills*, 758 S.W.2d 809 (Tex.App.— Dallas 1988, no writ) *citing McClung v. Johnson*, 620 S.W.2d 644, 646 (Tex.Civ. App.—Dallas 1981, writ ref'd n.r.e). *Black* was a legal malpractice action instituted two years after the claimant's workers' compensation action was dismissed for want of prosecution. Summary judgment for defendant, based upon limitations, was affirmed. Significantly, the claimant had failed timely to plead or prove discovery facts. The Dallas Court of Appeals found that the date of legal injury was the date of the dismissal of the compensation suit more than two years prior to the filing of the legal malpractice suit. *Black*, 758 S.W.2d at 816.

Like the defendant in *Black*, Smith pled in bar the affirmative defense of the two-year statute of limitations. Like the claimant in *Black*, Mrs. McKinney did not plead the discovery rule. Nor did she obtain findings on discovery in response to Smith's statute of limitations bar as mandated by the Supreme Court in *Woods*. 769 S.W.2d at 517, 518. Thus Mrs. McKinney sustained her legal injury on December 18, 1981 when the divorce decree was signed, depriving her of any community interest in the Exxon retirement benefits.

There was testimony as to when Mrs. McKinney learned of Smith's mishandling of her affairs; there was no evidence adduced as to when Mrs. McKinney should have discovered the negligence of Smith. In the absence of the requisite pleading, proof or finding, Mrs. McKinney waived the discovery rule and Smith's limitation's plea prevails as a matter of law. We sustain appellants' points of error one and two. Finding appellants' first two points of error dispositive of this appeal, we do not reach appellants' remaining points of error.

Accordingly, the judgment of the trial court is reversed and we render judgment that appellee take nothing.