Ray G. BESING, Individually, and
Ray G. Besing & Associates,
P.C., Petitioners,

v.

Wallace M. SMITH, M.J. "Ike" Vanden
Eykel, Seeligson, Douglass, Falconer &
Vanden Eykel, Lynch, Chappell, Allday
& Alsup, Small, Craig & Werkenthin,
Thomas T. Rogers, Respondents.

No. D–2271.

Supreme Court of Texas.

Dec. 9, 1992.

Jimmie Wall, Dallas, for petitioners.

Robert M. Clark, Charles T. Frazier, Jr., Dwayne Hermes, Patricia A. Nolan, Joe A. Byrom, Schuyler B. Marshall and B. Scott Tilley, Dallas, for respondents.

## DISSENT FROM ORDER OVERRULING MOTION FOR REHEARING OF APPLICATION FOR WRIT OF ERROR

MAUZY, Justice.

Just over one year ago, this court was faced with an important issue involving legal malpractice actions: namely, whether the onset of the limitations period in pending actions would be governed by the new rule announced in *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154 (Tex.1991). This court unanimously resolved that issue—without hesitation, equivocation or qualification—by holding that "[the *Hughes* rule] also applies to the facts of [the pending] case." *Aduddell v. Parkhill*, 821 S.W.2d 158 (Tex.1991). Two weeks later, this court again faced the same issue, and again applied *Hughes* to a pending case. *Gulf Coast Investment Corp. v. Brown*, 821 S.W.2d 159, 160 (Tex.1991) (per curiam).

This case presents the same issue. Like *Hughes, Aduddell,* and *Gulf Coast*, this is a legal malpractice action in which the court of appeals affirmed a summary judgment for the defendant based on limitations. And like *Aduddell* and *Gulf Coast*, this case was pending on appeal when *Hughes* was decided. Today, though, the parties are different, and so too is the outcome. I dissent.

This case arises from several law firms' representation of petitioner Ray Besing in a lawsuit between Besing and his former fiancée. The law firm respondents ("the firms") ended their involvement in the suit against the fiancée in August 1987. The judgment in that suit was rendered against Besing in January 1988, and Besing pursued an appeal. All appeals were exhausted as of December 1989. In the meantime, Besing had filed the current malpractice suit against the firms in September 1989.

In this malpractice suit, the trial court granted summary judgment in favor of the firms, holding that the claims were barred by the two-year statute of limitations. The court of appeals affirmed. 822 S.W.2d 107. However, on November 20, 1991, while Besing's motion for rehearing was still pending in the court of appeals, this court handed down its decision in *Hughes. Hughes* held that, in a suit for legal malpractice arising from the prosecution or defense of a litigated claim, the malpractice claim is "tolled" until all appeals are exhausted in the underlying lawsuit. *Hughes*, 821 S.W.2d at 157.

Besing filed an amended motion for rehearing with the court of appeals, incorporating the new rule announced by this court. The court of appeals overruled Besing's motion for rehearing, but did not address the new standard established in *Hughes* regarding the timing of a suit for legal malpractice. Besing then appealed to this court, urging that the court of appeals unjustly failed to remand this case to the trial court for proceedings in accordance with *Hughes*.

A decision by this court generally applies retroactively. *Reagan v. Vaughn*, 804 S.W.2d 463, 467–68 (Tex.1990); *Sanchez v.*

*Schindler,* 651 S.W.2d 249, 254 (Tex.1983).[1] Thus, this court properly applied *Hughes* retroactively the first two times that approach was urged in this court. *See Aduddell v. Parkhill,* 821 S.W.2d at 159; *Gulf Coast Investment Corp. v. Brown,* 821 S.W.2d at 160.

Since pleadings are drafted on the basis of *current* law, a retroactive change in the law often means that pleadings acquire unforeseen shortcomings. Here, neither Besing nor the firms indicated in their summary judgment pleadings the dates of the trial court's actions in the underlying case or the appeals therefrom. This omission is significant, since the exhaustion of appeals is now an essential factor to consider when calculating the limitations period for legal malpractice claims.

There are several ways to approach this problem. The simplest, most obvious approach would be to reverse and remand the cause to the trial court for further proceedings under the new rule. *See* Tex.R.App.P. 180 (providing that this court "shall reverse the judgment and remand the cause to the trial court, if it shall appear that the justice of the cause demands another trial").

Alternatively, the court could take judicial notice of the dates of the proceedings in the underlying action. Pursuant to Rule 201 of the Texas Rules of Civil Evidence, judicial notice may be taken *sua sponte* at any stage of the proceedings of any fact which "is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A court may take judicial notice of matters of public record for the first time on appeal. *See, e.g., Langdale v. Villamil,* 813 S.W.2d 187, 190 (Tex.App.—Houston [14th Dist.] 1991, no writ).

As noted above, *Hughes* was decided while this case was on rehearing in the court of appeals. Promptly, Besing filed an amended motion for rehearing arguing that the statute of limitations was tolled until the all appeals in the underlying lawsuit were final. To support that motion, he attached copies of (1) the final judgment in the underlying lawsuit, (2) the appellate opinion, issued on October 25, 1989, affirming the trial court's judgment, and (3) the court of appeals' notification to Besing that his motion for rehearing was overruled on December 6, 1989. These copies were sufficient information for judicial notice because domestic judgments do not have to be offered pursuant to the rules of evidence. *See Langdale,* 813 S.W.2d at 190. Thus, the court of appeals should have taken judicial notice of the proceedings in the underlying suit for purposes of determining when the statute of limitations began to run under the *Hughes* test. And there is no good reason, based in law or policy, why this court should not do so either.

Finally, even if the court of appeals and this court could not take judicial notice of the facts regarding the appeal of the underlying case, Besing should still prevail. Here, as in any case, the burden was on the summary judgment movants (i.e., the firms) to establish all of the elements that would justify a ruling in their favor. When the ground is that the plaintiff's claim is barred by limitations, the movant must set forth the date that the cause of action accrued (which in this case would be the date of an adverse final judgment against Besing in the underlying suit involving his fiancée [2]), and the fact that the suit was

---

1. This court has recently adopted the *Chevron* three-part analysis for determining whether a decision will be given only prospective applicability. *See Carrollton–Farmers Indep. Sch. Dist. v. Edgewood Indep. Sch. Dist.,* 826 S.W.2d 489, 518–19 (Tex.1992) (citing *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971)). Neither party in this case suggests that the *Chevron* test would require that *Hughes* be applied only prospectively.

2. Pursuant to the "legal injury" rule, a professional negligence/malpractice suit cannot be initiated until the tort is "complete," i.e., the plaintiff has suffered some damages. *See Smith v. McKinney,* 792 S.W.2d 740, 742 (Tex.App.—Houston [14th Dist.] 1990, writ denied), *cited with approval in Hughes,* 821 S.W.2d at 156. Accordingly, when a client alleges that the negligence occurred in the prosecution or defense of a lawsuit, there must be an adverse final judgment rendered against the client before he or

**22**

filed after the passage of the applicable limitations period. *See generally Zale Corp. v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975) (holding that a summary judgment movant has the burden to conclusively establish the bar of limitations). Since the firms failed to plead any date of judgment—trial or appellate—in the summary judgment motions, they failed to meet their burden of establishing when the limitations period commenced.

A chief justice of this court once noted that "[t]here is no greater inequality than the unequal treatment by the same court of things that are equal." *Duncan v. Cessna Aircraft Co.,* 665 S.W.2d 414, 439 (Tex. 1984) (Pope, C.J., concurring and dissenting). The facts of this case are, for present purposes, equal to those of *Hughes, Aduddell,* and *Gulf Coast.* In each of those cases, this court overturned a summary judgment based on limitations and remanded the cause to the trial court for further proceedings under the new rule adopted in *Hughes.* I would do the same here.

she can prove that the attorney's actions actually brought about a legal detriment. *See, e.g., Smith,* 792 S.W.2d at 742 (holding that a court's divorce decree constituted the legal injury in a legal malpractice case).