COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.  2-05-227-CV

 

 

SHIOLENO INDUSTRIES, INC.                                                APPELLANT

 

                                                   V.

 

TEXAS WORKFORCE COMMISSION                                         APPELLEES

AND
TOMMY STROMAN

 

                                              ------------

 

            FROM
THE 48TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

                                            Introduction

Appellant Shioleno
Industries, Inc. appeals the trial court=s judgment affirming the Texas Workforce Commission=s administrative decision to award unemployment benefits to Tommy
Stroman.  We affirm.

 








                                            Background

Stroman cut his finger while
operating a table saw for his former employer, Shioleno.  When he reported back to work after
recuperating from the injury, Shioleno fired him, allegedly for failing to use
an Aautomatic feeder@ attached to
the saw in violation of company safety policy. 
Shioleno contends that the automatic feeder is a safety device; Stroman
contends that it is not a safety device and that the particular cut he was
attempting to make was impossible with the automatic feeder. 

Stroman applied for
unemployment benefits, which the Commission initially denied.  Stroman appealed, and after a contested
hearing, a Commission appeals tribunal awarded benefits to him.  Shioleno appealed to the district court,
which affirmed the Commission=s award.  Shioleno filed this
appeal.

                                       Standard of Review








A decision by a civil service
commission is appealable to a district court and reviewed under the Asubstantial evidence@ rule.  See Tex. Loc. Gov=t Code Ann. ' 158.012(b) (Vernon 1999). 
Substantial evidence is more than a mere scintilla but less than a
preponderance of evidence, and as such, the evidence in the record may
preponderate against the ruling of the agency, yet still be Asubstantial.@  See Tex. Health Facilities Comm=n v. Charter Medical-Dallas, Inc., 665
S.W.2d 446, 452 (Tex. 1984); McKinley Iron Works, Inc. v. Tex. Employment
Comm=n, 917 S.W.2d 468, 470 (Tex. App.CFort Worth 1996, no writ).  AThe true test is not whether the agency reached the correct
conclusion, but whether some reasonable basis exists in the record for the
action taken by the agency.@  Charter Medical-Dallas,
665 S.W.2d at 452.  Thus, the reviewing
court may not set aside the Commission=s decision because it would have reached a different conclusion.  Mercer v. Ross, 701 S.W.2d 830, 831
(Tex. 1986); Bustamante v. Bexar County Sheriff=s Civil Serv. Comm=n, 27 S.W.3d 50, 52 (Tex. App.CSan Antonio 2000, pet. denied). 
Reversal is permitted only if the Commission=s decision was made without regard to the law or the facts, thus
leading to an unreasonable, arbitrary, or capricious ruling.  See Mercer, 701 S.W.2d at 831; Bustamante,
27 S.W.3d at 52.  The decision of the
Commission is presumed to be supported by substantial evidence, and the burden
is on the contestant to prove otherwise. 
See City of El Paso v. Pub. Utility Comm=n of Tex., 883 S.W.2d 179, 185 (Tex.
1994). 

                                             Discussion








In its first issue, Shioleno
argues that the trial court erred by excluding evidence that Stroman tested
positive for alcohol and cocaine immediately following the accident.  When Stroman was at the hospital undergoing
treatment for his cut finger, Shioleno required him to submit to a drug test in
accordance with company policy.  Shioleno
did not learn of the test results until over a year later, after the Commission
hearing but before the trial in the district court.  At trial, Shioleno offered a print-out
reflecting the results of Stroman=s drug test.  The trial court
excluded the drug-test results as irrelevant because they had not been
presented to the Commission as a reason to deny benefits to Stroman. 

Shioleno latches on to the
following language from Collingsworth General Hospital v. Hunnicutt for
the proposition that the trial court must admit and consider all evidence in
existence at the time of the administrative hearing, even if the evidence was
not offered at the hearing itself: AUnder the substantial evidence standard of review, the issue is
whether the evidence introduced before the trial court shows facts in existence
at the time of the [Commission=s] decision that reasonably support the decision.@  988 S.W.2d 706, 708 (Tex.
1998).  There are two problems with
Shioleno=s argument.  First, the quoted
language is dicta, at least for the proposition Shioleno would have it support;
Hunnicutt did not involve evidence offered before the trial court but
not before the Commission.  Second, the
quoted language describes the standard by which the court reviews evidence once
it is offered and admitted, not the rules governing the admission of evidence.








Shioleno also cites Levelland
Independent School District v. Contreras for the proposition that the trial
court is not strictly limited to the administrative record.  865 S.W.2d 474 (Tex. App.CAmarillo 1993, writ denied). 
Once again, the case does not support Shioleno=s argument.  Contreras
merely observes that the record of the Commission=s hearing Ais not per
se admissible at trial before the reviewing court.  Whether the record of the [the Commission] is
admissible depends upon its own merits under the Texas Rules of Civil Evidence.@  Id. at 476.  Contreras says nothing about the
admissibility of evidence that is not in the Commission=s record.








Shioleno next argues that the
trial court erred by excluding the drug-test evidence because the evidence was
newly discovered.  In support of this
argument, Shioleno cites Black v. Wills, 758 S.W.2d 809 (Tex. App.CDallas 1998, no writ), and Texas Workers= Compensation Commission Appeals Panel No. 117, Appeal No. 000711,
2000 WL 823673 (May 10, 2000).  Black is
an appeal from a summary judgment in a legal malpractice case and discusses
generally the circumstances under which a trial court may grant a new trial on
the basis of newly-discovered evidence.  Black,
758 S.W.2d at 817.  Appeal No. 000711
is an appeal to the workers= compensation appeals panel in which the claimant sought to offer
evidence to the appeals panel that he had not offered at the contested case
hearing, alleging that the evidence was newly discovered.  2000 WL 823673, at *1.  The appeals panel refused to consider the
evidence because its review was restricted to the record developed in the
contested case hearing.  Id.  The appeals panel went on to note in
dicta that the claimant=s evidence
was not newly discovered.  Id.
(citing Black, 758 S.W.2d at 817). 
Thus, neither Black nor Appeal No. 000711 offer any
support for Shioleno=s argument
that the trial court must consider newly-discovered evidence that was not
presented to the Commission.

Finally, Shioleno argues that
the admission of the drug-test evidence was necessary to the Adue administration of justice,@ and that to hold otherwise makes Aa mockery of the [unemployment] benefits system.@  We disagree.  As we noted earlier, the test in a
substantial evidence review is whether some reasonable basis exists in the
record for the action taken by the agency. 
Charter Medical-Dallas, 665 S.W.2d at 452.  Evidence that was not offered to the agency
and is not in the record could not affect the agency=s decision one way or the other or serve as a basis for that
decision.  Thus, the due administration
of justice and the unemployment benefits system requires that a party first
offer relevant evidence to the Commission. 
This Shioleno failed to do.  We
overrule Shioleno=s first
issue.

In its second issue, Shioleno
argues that the trial court ignored crucial evidence proving that Stroman
committed workplace malpractice.  The
evidence in question consists of an Aemployee warning notice@ signed by Stroman on the day he was fired. 








The employee warning notice
is a printed form on which a supervisor wrote, AImproper saw procedure usage of machine, violates safety code policy
on machine usage. . . . Employee terminated for violation of safety rules.  Work related mis-conduct.@  Stroman signed the form under
the notation, AI have read
this Warning Notice and understand it.  I
also understand that if I do not correct the problem(s) as indicated, further
discipline up to termination will result.@  Shioleno contends that the
employee warning notice is Stroman=s written admission that he committed an Aimproper safety procedure.@  Even if we were to consider
the notice in a vacuum, we would disagree. 
Stroman=s signature
simply shows that he read and understood the warning notice, not that he
admitted to the vaguely-alleged misconduct. 
Read in the context of other evidence, his signature is even less
significant.  Stroman testified that he
thought he was merely receiving a warning when he signed the form and that his
supervisor did not tell him he was fired until immediately after he signed it.
Taken alone or in context, the warning notice is not the conclusive admission
of wrongdoing that Shioleno wants it to be.








Shioleno also argues that the
indisputable facts proved that Stroman used the table saw without its attached
safety device.  But the parties disputed
whether the Aautomatic
feeder@ attached to the saw was in fact a safety device, and Stroman
testified that the cut his supervisor told him to make was impossible with the
automatic feeder. 

We hold that the evidence
highlighted by Shioleno is not so compelling as to render the Commission=s decision unreasonable, arbitrary, or capricious.  We overrule Shioleno=s second issue.

In its third issue, Shioleno
argues that the trial court applied Athe wrong legal standard@ when it affirmed the Commission=s determination that Stroman=s termination was too remote from the alleged misconduct to justify
the denial of benefits.  The Commission
first held that Shioleno failed to prove that Stroman was discharged for
misconduct.  The Commission went on to
state that Aeven if the
employer had proved the omission by preponderance of misconduct, the act was
too remote in time and does not support a finding of misconduct.@  Thus, the remoteness-in-time
factor was merely an alternative basis for the Commission=s decision.  We have already
considered and rejected Shioleno=s arguments concerning the principal basis for the Commission=s decisionCthat
Shioleno failed to prove that it terminated Stroman for misconduct; thus, we
need not consider its issue related to the Commission=s alternate basis.  See Tex. R. App. P. 47.1.

 

 








                                             Conclusion

Having overruled Shioleno=s first two issues, and not reaching its third,  we affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL A:   CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DELIVERED:  May 25, 2006











[1]See Tex. R. App. P. 47.4.