SHIOLENO INDUS. V. TWC

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-05-227-CV

SHIOLENO INDUSTRIES, INC. APPELLANT

V.

TEXAS WORKFORCE COMMISSION APPELLEES

AND TOMMY STROMAN

------------

FROM THE 48TH DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Introduction

Appellant Shioleno Industries, Inc. appeals the trial court’s judgment affirming the Texas Workforce Commission’s administrative decision to award unemployment benefits to Tommy Stroman.  We affirm.

Background

Stroman cut his finger while operating a table saw for his former employer, Shioleno.  When he reported back to work after recuperating from the injury, Shioleno fired him, allegedly for failing to use an “automatic feeder” attached to the saw in violation of company safety policy.  Shioleno contends that the automatic feeder is a safety device; Stroman contends that it is not a safety device and that the particular cut he was attempting to make was impossible with the automatic feeder. 

Stroman applied for unemployment benefits, which the Commission initially denied.  Stroman appealed, and after a contested hearing, a Commission appeals tribunal awarded benefits to him.  Shioleno appealed to the district court, which affirmed the Commission’s award.  Shioleno filed this appeal.

Standard of Review

A decision by a civil service commission is appealable to a district court and reviewed under the “substantial evidence” rule.  
See 
Tex. Loc. Gov’t Code Ann.
 § 158.012(b) (Vernon 1999).  Substantial evidence is more than a mere scintilla but less than a preponderance of evidence, and as such, the evidence in the record may preponderate against the ruling of the agency, yet still be “substantial.”  
See Tex. Health Facilities Comm’n v. Charter Medical-Dallas, Inc.,
 665 S.W.2d 446, 452 (Tex. 1984); 
McKinley Iron Works, Inc. v. Tex. Employment Comm’n, 
917 S.W.2d 468, 470 (Tex. App.—Fort Worth 1996, no writ).  “The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency.”  
Charter Medical-Dallas
, 665 S.W.2d at 452.  Thus, the reviewing court may not set aside the Commission’s decision because it would have reached a different conclusion.  
Mercer v. Ross,
 701 S.W.2d 830, 831 (Tex. 1986); 
Bustamante v. Bexar County Sheriff’s Civil Serv. Comm’n, 
27 S.W.3d 50, 52 (Tex. App.—San Antonio 2000, pet. denied).  Reversal is permitted only if the Commission’s decision was made without regard to the law or the facts, thus leading to an unreasonable, arbitrary, or capricious ruling.  
See Mercer, 
701 S.W.2d at 831; 
Bustamante
, 27 S.W.3d at 52.  The decision of the Commission is presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise.  
See City of El Paso v. Pub. Utility Comm’n of Tex.,
 883 S.W.2d 179, 185 (Tex. 1994).
 

Discussion

In its first issue, Shioleno argues that the trial court erred by excluding evidence that Stroman tested positive for alcohol and cocaine immediately following the accident.  When Stroman was at the hospital undergoing treatment for his cut finger, Shioleno required him to submit to a drug test in accordance with company policy.  Shioleno did not learn of the test results until over a year later, after the Commission hearing but before the trial in the district court.  At trial, Shioleno offered a print-out reflecting the results of Stroman’s drug test.  The trial court excluded the drug-test results as irrelevant because they had not been presented to the Commission as a reason to deny benefits to Stroman. 

Shioleno latches on to the following language from 
Collingsworth General Hospital v. Hunnicutt
 for the proposition that the trial court must admit and consider all evidence in existence at the time of the administrative hearing, even if the evidence was not offered at the hearing itself: “Under the substantial evidence standard of review, the issue is whether the evidence introduced before the trial court shows facts in existence at the time of the [Commission’s] decision that reasonably support the decision.”  988 S.W.2d 706, 708 (Tex. 1998).  There are two problems with Shioleno’s argument.  First, the quoted language is dicta, at least for the proposition Shioleno would have it support; 
Hunnicutt
 did not involve evidence offered before the trial court but not before the Commission.  Second, the quoted language describes the standard by which the court reviews evidence once it is offered and admitted, not the rules governing the admission of evidence.

Shioleno also cites 
Levelland Independent School District v. Contreras
 for the proposition that the trial court is not strictly limited to the administrative record.  865 S.W.2d 474 (Tex. App.—Amarillo 1993, writ denied).  Once again, the case does not support Shioleno’s argument.  
Contreras
 merely observes that the record of the Commission’s hearing “is not per se admissible at trial before the reviewing court.  Whether the record of the [the Commission] is admissible depends upon its own merits under the Texas Rules of Civil Evidence.”  
Id.
 at 476.  
Contreras
 says nothing about the admissibility of evidence that is
 not
 in the Commission’s record.

Shioleno next argues that the trial court erred by excluding the drug-test evidence because the evidence was newly discovered.  In support of this argument, Shioleno cites 
Black v. Wills
, 758 S.W.2d 809 (Tex. App.—Dallas 1998, no writ), and Texas Workers’ Compensation Commission Appeals Panel No. 117
, Appeal No. 000711
, 2000 WL 823673 (May 10, 2000).  
Black 
is an appeal from a summary judgment in a legal malpractice case and discusses generally the circumstances under which a trial court may grant a new trial on the basis of newly-discovered evidence.  
Black
, 758 S.W.2d at 817.  
Appeal No. 000711
 is an appeal to the workers’ compensation appeals panel in which the claimant sought to offer evidence to the appeals panel that he had not offered at the contested case hearing, alleging that the evidence was newly discovered.  2000 WL 823673, at *1.  The appeals panel refused to consider the evidence because its review was restricted to the record developed in the contested case hearing.  
Id.  
The appeals panel went on to note in dicta that the claimant’s evidence was not newly discovered.  
Id.
 (citing 
Black
, 758 S.W.2d at 817).  Thus, neither 
Black 
nor 
Appeal No. 000711
 offer any support for Shioleno’s argument that the trial court must consider newly-discovered evidence that was not presented to the Commission.

Finally, Shioleno argues that the admission of the drug-test evidence was necessary to the “due administration of justice,” and that to hold otherwise makes “a mockery of the [unemployment] benefits system.”  We disagree.  As we noted earlier, the test in a substantial evidence review is whether some reasonable basis exists in the record for the action taken by the agency.  
Charter Medical-Dallas
, 665 S.W.2d at 452.  Evidence that was not offered to the agency and is not in the record could not affect the agency’s decision one way or the other or serve as a basis for that decision.  Thus, the due administration of justice and the unemployment benefits system requires that a party first offer relevant evidence to the Commission.  This Shioleno failed to do.  We overrule Shioleno’s first issue.

In its second issue, Shioleno argues that the trial court ignored crucial evidence proving that Stroman committed workplace malpractice.  The evidence in question consists of an “employee warning notice” signed by Stroman on the day he was fired. 

The employee warning notice is a printed form on which a supervisor wrote, “Improper saw procedure usage of machine, violates safety code policy on machine usage. . . . Employee terminated for violation of safety rules.  Work related mis-conduct.”  Stroman signed the form under the notation, “I have read this Warning Notice and understand it.  I also understand that if I do not correct the problem(s) as indicated, further discipline up to termination will result.”  Shioleno contends that the employee warning notice is Stroman’s written admission that he committed an “improper safety procedure.”  Even if we were to consider the notice in a vacuum, we would disagree.  Stroman’s signature simply shows that he read and understood the warning notice, not that he admitted to the vaguely-alleged misconduct.  Read in the context of other evidence, his signature is even less significant.  Stroman testified that he thought he was merely receiving a warning when he signed the form and that his supervisor did not tell him he was fired until immediately after he signed it. Taken alone or in context, the warning notice is not the conclusive admission of wrongdoing that Shioleno wants it to be.

Shioleno also argues that the indisputable facts proved that Stroman used the table saw without its attached safety device.  But the parties disputed whether the “automatic feeder” attached to the saw was in fact a safety device, and Stroman testified that the cut his supervisor told him to make was impossible with the automatic feeder. 

We hold that the evidence highlighted by Shioleno is not so compelling as to render the Commission’s decision unreasonable, arbitrary, or capricious.  We overrule Shioleno’s second issue.

In its third issue, Shioleno argues that the trial court applied “the wrong legal standard” when it affirmed the Commission’s determination that Stroman’s termination was too remote from the alleged misconduct to justify the denial of benefits.  The Commission first held that Shioleno failed to prove that Stroman was discharged for misconduct.  The Commission went on to state that “even if the employer had proved the omission by preponderance of misconduct, the act was too remote in time and does not support a finding of misconduct.”  Thus, the remoteness-in-time factor was merely an alternative basis for the Commission’s decision.  We have already considered and rejected Shioleno’s arguments concerning the principal basis for the Commission’s decision—that Shioleno failed to prove that it terminated Stroman for misconduct; thus, we need not consider its issue related to the Commission’s alternate basis.  
See
 
Tex. R. App. P.
 47.1.

Conclusion

Having overruled Shioleno’s first two issues, and not reaching its third,  we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED:  May 25, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.