Josie BUSTAMANTE, Appellant,

v.

BEXAR COUNTY SHERIFF'S CIVIL SERVICE COMMISSION and Sheriff Ralph Lopez, Appellees.

No. 04–99–00175–CV.

Court of Appeals of Texas, San Antonio.

June 7, 2000.

Rehearing Overruled June 29, 2000.

Edward P. Cano, San Antonio, for appellant.

Susan A. Bowen, Asst. Crim. Dist. Atty., San Antonio, for appellees.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

## OPINION

Opinion by: ALMA L. LÓPEZ, Justice.

Josie Bustamante, a fourteen-year veteran of the Bexar County Sheriff's Office (the Sheriff's Office), was terminated on July 1, 1994. Bustamante appealed her termination to the Bexar County Civil Service Commission (the Commission). The Commission conducted a hearing on Bustamante's termination and subsequently issued an order upholding the Sheriff's Office decision to terminate. Bustamante then appealed the Commission's order to the district court. After conducting a hearing, the district judge entered a judgment upholding the Commission's order. Bustamante appeals the district court's judgment in this appeal.

### Standard of Review

A decision by a civil service commission is subject to the "substantial evidence rule." *See* TEX. LOCAL GOV'T CODE ANN. § 158.037 (Vernon 1999). Un-

der this standard, Bustamante has the burden to show that the Commission's decision was not based on substantial evidence. *See Rough v. Ojeda,* 954 S.W.2d 127, 129 (Tex.App.—San Antonio 1997, no pet.). Substantial evidence is more than a mere scintilla of evidence, but less than a preponderance of the evidence. *See City of Houston v. Anderson,* 841 S.W.2d 449, 451 (Tex.App.—Houston [1st Dist.] 1992, writ denied). As a result, the evidence supporting the Commission's order may preponderate against the Commission's decision and still amount to substantial evidence. *See Anderson,* 841 S.W.2d at 451. The reviewing court, whether the district court or the court of appeals, may not set aside the Commission's decision because it would reach a different conclusion; it may only do so if that decision was made without regard to the facts or the law and so was unreasonable, arbitrary, or capricious. *See Rough,* 954 S.W.2d at 129.

## Application of the Substantial Evidence Rule

After Bustamante was terminated, the Commission conducted a hearing. During the hearing, the State presented evidence that showed that members of the San Antonio Police Department (SAPD) discovered marijuana and drug paraphernalia at Bustamante's home when they executed a search warrant. The evidence also demonstrated that members of the Sheriff's Office Internal Affairs Department accompanied the police during the search. According to Lieutenant Green, a member of the Internal Affairs Department, he accompanied the police and photographed the marijuana and drug paraphernalia. During his testimony, Green identified copies of the photographs. Green testified that he directed Bustamante to report to Internal Affairs on the Monday following the raid. When Bustamante arrived, she presented Green with her attorney's business card inscribed with a statement that

Bustamante was not to speak with any law enforcement agency without her attorney. Green explained that Internal Affairs was conducting a civil investigation-not a criminal investigation, and that nothing Bustamante provided during the investigation could be used against her in a criminal proceeding under the United States Supreme Court's holding in *Garrity v. New Jersey.*[1] Bustamante, however, refused to respond to Green's questions. Instead of answering questions, Bustamante presented the card from her attorney. Green further testified that Bustamante had stated that she wanted to leave because she had an appointment, but that she later retracted her statement in regard to an appointment and said that she just wanted to leave.

Officer Atherton testified similarly. Like Green, Atherton was a member of the Internal Affairs Department and accompanied SAPD on the raid. Atheron testified that she also took pictures of marijuana and drug paraphernalia in Bustamante's home. She further testified that she explained the *Garrity* doctrine to Bustamante, but that Bustamante refused to provide a statement. After the two officers testified, Bustamante took the witness stand and stated that she refused to testify.

Based on this evidence, the Commission determined: (1) that Bustamante violated Sheriff's Civil Service Rules by possessing marijuana; (2) that she refused to cooperate with the Sheriff's Office Internal Affairs investigation into a drug raid at her home on June 4, 1994; (3) that she refused to submit to a drug test when requested; (4) that she was untruthful during the Internal Affairs investigation; (5) that she possessed marijuana and drug paraphernalia; and (6) she was insubordinate to Internal Affairs investigators. The evidence discussed above constitutes substantial evi-

---

1. Under this decision, incriminating statements obtained under the threat of removal from office are inadmissible in a subsequent criminal proceeding. *See Garrity v. New Jersey,* 385 U.S. 493, 500, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967).

dence to support the Commission's findings with the exception of Bustamante's refusal to submit to a drug test. However, Bustamante testified during the hearing in the district court that she was asked to take a urine test and that she responded that she wanted her attorney present.

### Bustamante's Violation of Law Issues

■ Despite the existence of substantial evidence supporting the Commission's order, section 158.0121 of the Local Government Code directs the district court to reverse and remand the Commission's decision if the petitioner's substantial rights have been prejudiced because the Commission's findings, inferences, conclusions, or decisions violate a constitutional or statutory provision or are made through unlawful procedure. *See* TEX. LOCAL GOV'T CODE ANN. § 158.0121 (Vernon 1999); *id.* § 158.0371 Relying on this authority, Bustamante contends that the district court erred because it did not consider that she invoked her constitutional right against self-incrimination when she was interviewed by Internal Affairs. Bustamante argues that she was entitled to an attorney and that a state agency may not discharge an employee for invoking her privilege against self-incrimination. Despite whatever merits these contentions may have in some other context, these arguments are irrelevant to review under section 158.0121. To consider Bustamante's argument, we must interpret section 158.0121 as requiring the district court to reverse the Commission's order if it determines that the petitioner's substantial rights have been violated or that an unlawful procedure occurred. The provision, however, directs the trial judge to reverse and remand "if substantial rights of the petitioner have been prejudiced because *the commission's findings, inferences, conclusions, or decisions are:* (A) in violation of a constitutional or statutory provision; [or] ... (C) made through unlawful procedure"—not if the petitioner's substantial rights have been violated or that an unlawful procedure has occurred. *Id.* § 158.0121(emphasis added). Regardless

of whether Bustamante was entitled to an attorney when she was interviewed by Internal Affairs, or whether that right was violated, the trial judge was not required to reverse the Commission's order because neither the evidence nor the Commission's order indicates that the Commission's order violated a constitutional or statutory provision or was made through unlawful procedure. As a result, the trial judge correctly upheld the Commission's order because substantial evidence exists to support the Commission's findings. Accordingly, we overrule Bustamante's issue concerning her privilege against self-incrimination.

### Bustamante's Argument About Expunged Criminal Records

■ As a result of the drug raid, Bustamante was charged with committing a criminal offense. Between the time the Commission conducted the hearing on Bustamante's termination and the time Bustamante's appeal was heard by the district court, the criminal charges were dismissed and the associated arrest records and files were expunged pursuant to an agreed order. Based on the expunction, Bustamante maintains that the district judge erred by not concluding that the expunction served as res judicata for the findings that served as the basis of her termination. Bustamante further argues that the Sheriff's Office waived its right to oppose her reinstatement because it agreed to the order of expunction. Notwithstanding these arguments, the district judge properly affirmed the Commission's order.

Section 55.01 of the Code of Criminal Procedure provides for the expunction of criminal arrest records and files in specified circumstances. TEX.CODE CRIM. PROC. ANN. art. 55.01 (Vernon Supp.2000). After an expunction, the "expunged records and files may not be used for any purpose." *Id.* art. 55.03. As a result, the trial judge was required to reverse and remand the case had the Commission violated this statutory protection. Even though Lieutenant

**54**

Green and Officer Atheron testified about events that surrounded Bustamante's arrest, the Commission did not rely on expunged records or files. Instead, the Commission relied on the officers' testimony about their personal observations of marijuana at Bustamante's home and about her conduct during their investigation. As a result, the trial judge properly affirmed the Commission's order. We overrule Bustamante's issue concerning the expunction of her arrest records and files.

### Conclusion

Under the substantial evidence review, the district court must determine whether an agency's ruling is free from the taint of illegality and is reasonably supported by substantial evidence. *See Anderson*, 841 S.W.2d at 451. Bustamante's complaints, however, do not address this standard. After applying the standard to this record in this case, we conclude that the Commission's decision is supported by substantial evidence and that record contains no indication that the decision is tainted with illegality. As a result, we affirm the judgment of the district court.