No. 04-00-00374-CV



Jorge TOVAR,


Appellant



v.



CITY OF LAREDO, Texas et al.,


Appellees



From the 111th Judicial District Court, Webb County, Texas


Trial Court No. 98-CVQ-00855-D2


Honorable Raul Vasquez, Judge Presiding



Opinion by: Alma L. López, Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Karen Angelini, Justice


Delivered and Filed: June 20, 2001


AFFIRMED

 Jorge Tovar appeals the judgment affirming the civil service commission's order suspending
him for thirty days without pay. Appellant argues that the trial court erred because the decision of
the civil service commission was not supported by substantial evidence and was tainted with illegality.
We affirm the judgment of the trial court.

Factual Background

 On the morning of Sunday, July 5, 1998, appellant, a firefighter with the Laredo Fire
Department, called his supervisor and requested annual leave for that day. His supervisor denied the
request, because his absence would force the City of Laredo ("the City") to pay his replacement
overtime. Appellant was on duty at 8:00 a.m. that morning and was scheduled to work a twenty-four
hour shift. Approximately thirty minutes after appellant requested annual leave, he notified his
employer that he was taking sick leave. The fire department had been having a problem with
employees abusing sick leave. Tomas Ramirez, the fire chief, had pulled the duty rosters for the first
four months of 1998, looking for a pattern of persons taking sick leave on weekends. He identified
forty-five firefighters as possibly abusing sick leave. Appellant ranked second on the list with a total
of ten days of sick leave, six of which fell on weekends. The fire chief warned appellant that he had
set a pattern for possible abuse of sick leave and was subject to being "checked up on." Thus, when
appellant took sick leave on July 5th, Felix Nuñez, a fire investigator, was ordered to investigate
appellant's absence. Nuñez remembered that appellant, a volunteer preacher, (1) had applied for a tent
permit for 101 International Boulevard in Laredo on behalf of the Jordan River Church. Around
noon, Nuñez proceeded to 101 International Boulevard and discovered appellant underneath a tent,
standing behind a podium, and facing people sitting in some chairs. 

 When appellant returned to work on July 10, 1998, he produced a "Certificate of Attending
Physician," (2) signed by a doctor, attesting that appellant had been under the doctor's care from July
6, 1998 to July 10, 1998. Appellant, however, did not produce a certificate for July 5th, the day in
question. The doctor diagnosed his illness as conjunctivitis. Appellant also certified at the bottom
of the form that his absence had been due to illness, that he had been "wholly unable to perform" his
"official work" or to be present at his post of duty, and that he had been confined to his residence. 

 The fire chief indefinitely suspended appellant on July 27, 1998, accusing appellant of neglect
of duty and conduct prejudicial to good order. The fire chief offered appellant a ninety-day
suspension without pay and benefits in lieu of the indefinite suspension. Appellant rejected this offer
and appealed his suspension to the Firefighter's and Police Officer's Civil Service Commission of
Laredo, Texas ("the Commission"). During the hearing before the Commission, appellant testified
that he had been ill on Sunday, July 5th, and that his eye infection had prevented him from performing
his duties as driver. Appellant admitted, however, that he had driven himself moments after leaving
work to 101 International Boulevard for church services. The fire chief testified that from December
26, 1997 to April 19, 1998, appellant had used sick leave ten times. Appellant testified that from
January 1998 to July 1998, he had taken sick leave eight times and had produced a doctor's note for
each absence. Even using appellant's estimate, he had only earned 82.8 hours of sick leave in the first
six months of 1998, but had taken 192 hours.

 Appellant admitted that if every person used sick leave on Sundays, such conduct would be
prejudicial to good order. However, appellant argued that he deserved accommodation for his
religious beliefs. Tomas Ramirez, the fire chief, Steve Landin, the vice president of the firefighters
local union, Rudy Sepulveda, the deputy fire chief, and Moncivais (3) all testified that appellant had
never requested accommodation of his religious beliefs through them. Appellant, however, testified
that he had requested an accommodation two to three years before, but his request had been denied. 

 The Commission issued an order converting appellant's indefinite suspension to a thirty-day
suspension without pay. Appellant then appealed the Commission's order to district court. The
parties entered the transcript of the administrative hearing into evidence. The court reviewed the
transcript and sustained appellant's thirty-day suspension. This appeal followed. Appellant argues
on appeal that the trial court committed reversible error in upholding the decision of the Commission,
because (1) the decision was not supported by substantial evidence, and (2) it was tainted with
illegality. 

Standard of Review

 Although section 143.015 of the Texas Local Government Code states that a decision by the
civil service commission may be appealed for a trial de novo in district court, case law has interpreted
this de novo standard to mean a review under the "substantial evidence rule." Firemen's &
Policemen's Civil Serv. Comm'n v. Brinkmeyer, 662 S.W.2d 953, 955 (Tex. 1984). Under this
standard, appellant has the burden to show that the Commission's decision was not based on
substantial evidence. Bustamante v. Bexar County Sheriff's Civil Serv. Comm'n, 27 S.W.3d 50, 52
(Tex. App.--San Antonio 2000, pet. denied) (citation omitted). Substantial evidence is more than
a mere scintilla of evidence, but less than a preponderance of the evidence. Id. (citation omitted).
Thus, the evidence supporting the Commission's order may preponderate against the Commission's
decision and still amount to substantial evidence. Id. (citation omitted). If there is substantial
evidence to support the Commission's decision, the courts are bound to follow the discretion of the
administrative body. City of Houston v. Richard, 21 S.W.3d 586, 588 (Tex. App.--Houston [1st
Dist.] 2000, no pet.) (citations omitted). Because the agency itself is the primary fact-finding body,
the question to be determined by the trial court is strictly one of law. Id. (citation omitted). Thus,
the reviewing court, whether the district court or the court of appeals, may not set aside the
Commission's decision because it would reach a different conclusion; it may only do so if that
decision was made without regard to the facts or the law and so was unreasonable, arbitrary, or
capricious. Bustamante, 27 S.W.3d at 52 (citation omitted). 

Substantial Evidence Rule

 Under the substantial evidence review, the district court must determine whether an agency's
ruling is free from the taint of illegality and is reasonably supported by substantial evidence.
Bustamante, 27 S.W.3d at 54 (citation omitted). Appellant argues that the decision to suspend him
was not supported by substantial evidence, because the Certificate of Attending Physician proved that
he was ill with conjunctivitis. Appellant maintains that because he presented this certificate when he
returned to work, he did not violate any rule. Furthermore, appellant notes that it would be
hazardous for him to drive an emergency vehicle while suffering from conjunctivitis. The
Commission heard evidence that appellant had used more sick leave than he had accumulated for the
first six months in 1998, that he had first requested annual leave on July 5th and only after being
denied annual leave did appellant say he was ill, that appellant testified he was too ill to perform his
duties as a driver, but admitted to driving himself to the church services, that appellant felt well
enough to perform his duties as a volunteer preacher, that the doctor's certificate presented by
appellant did not address July 5th, and that appellant certified on the certificate that he was confined
to his residence, when in fact he was attending church services. From this evidence, the Commission
could infer that appellant abused sick leave. Thus, substantial evidence exists to support the decision
of the Commission. Appellant's first issue is overruled.

Taint of Illegality

 In his second issue, appellant argues that the Commission's ruling is tainted with illegality.
First, he argues that the fire chief is prejudiced against preachers. In support of this allegation,
appellant points to the following exchange between appellant's counsel and the fire chief during the
administrative hearing:

 Q: How do you feel about preachers?

 A: I have nothing against them as long as they don't get into my life.

Appellant maintains that this statement by the fire chief proves that he is prejudiced against appellant.
However, on its face, this statement could indicate prejudicial feelings, or it could just mean that the
fire chief is indifferent to preachers as long as they do not intervene in his personal affairs. 

 Appellant also maintains that the fire chief is prejudiced against firefighters who file
grievances. On Easter Sunday, April 12, 1998, just three months prior to the incident made the basis
of the suspension, appellant called in sick and was told that he had to report to his shift and then be
transported to the hospital in an ambulance. The fire chief explained that a directive in the fire
department granted the first ten requests for sick leave, but required the eleventh person to go to the
hospital. Appellant was the eleventh person that day. In Ramirez's thirteen months of being fire
chief, he could only remember this one instance where a firefighter was required to go to the hospital.
Appellant filed a grievance, which was still pending at the time of the administrative hearing. At the
hearing, the fire chief admitted that he had told Landin, the local union representative, that if a certain
firefighter filed a grievance, then the chief would issue an indefinite suspension. The chief testified
that he made this statement to the local union official because of the violations he felt were committed
by the firefighter in question. The chief did not remember saying anything like this to appellant, but
he did admit that he can be very vocal. 

 The Commission weighed this testimony regarding the fire chief's alleged prejudices during
the hearing and judged the fire chief's credibility, along with the other witnesses. It is not our role
to substitute our own judgment for that of the Commission. See Bustamante, 27 S.W.3d at 52.
Whether the fire chief was prejudiced against appellant and it was that prejudice which compelled the
fire chief to suspend appellant was a factual issue for the Commission to determine. 

 Lastly, appellant argues that the Commission's decision is tainted with illegality, because he
was entitled to a reasonable accommodation for his religious affiliations. During the hearing,
Commissioner Garcia remarked that appellant might be entitled to an accommodation. However,
Garcia explained that any accommodation would have to be reasonable and be decided on a case-by-case basis. Garcia explained that the City could not allow every firefighter to take leave on Sundays
and other religious holidays as "we've still got to fight fires" on those days. He directed appellant
to apply for a reasonable accommodation through the proper channels. Garcia then asked the fire
chief, the local union representative, the deputy fire chief, and a firefighter whether appellant had ever
requested an accommodation. They all testified that appellant had not made such a request.
Appellant testified that he had made a request two to three years prior, but had been denied. (4) As
noted before, we cannot substitute our judgment for that of the Commission. The Commission heard
the testimony of appellant and the four other witnesses regarding whether appellant had requested
an accommodation and decided to suspend appellant for thirty days without pay for abusing sick
leave. Appellant points to no procedural or other discrimination by the Commission itself which
would warrant our review. (5) We overrule appellant's second issue.

Conclusion

 Having overruled appellant's two issues, we affirm the judgment of the trial court.

 

 Alma L. López, Justice

DO NOT PUBLISH
1. Appellant received no compensation for his volunteer work as a preacher.
2. All firefighters on sick leave are required to produce this certificate prior to returning to work.
3. The transcript of the commission hearing does not identify Moncivais's first name, his position with the fire
department, or why his testimony was relevant.
4. Appellant did not specify whether this request was oral or written.
5. Appellant does not accuse the Commission itself of prejudice or improprieties like those found in Firemen's
& Policemen's Civil Service Commission v. City of Galveston, 666 S.W.2d 242 (Tex. App.--Houston [14th Dist.]
1984, writ dism'd). In that case, the court of appeals held that the commission's decision was tainted with illegality,
because the commission allowed the city to submit evidence to the commissioners prior to the hearing in violation of
a Texas statute. Id. at 245. As such, the commission violated the officer's procedural due process rights. Id.