Tedricke Gardner v. Tarrant County Civil Service Commission and Tarrant County, Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-130-CV

TEDRICKE GARDNER APPELLANT

V.

TARRANT COUNTY CIVIL SERVICE APPELLEES

COMMISSION AND TARRANT COUNTY, TEXAS

------------

FROM THE 141ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Tedricke Gardner complains of the district court’s decision affirming the Tarrant County Civil Service Commission’s (“Commission”) ruling that he failed to timely file his grievance contesting the loss of his job.  In one point, Gardner argues that substantial evidence does not exist to support the Commission’s ruling that his grievance was filed untimely.  We will affirm.

II.  
Factual and Procedural Background

Gardner worked as a probation officer with Tarrant County Juvenile Services (“TCJS”).  On September 11, 2000, he submitted a request for a three-week leave of absence, from October 2, 2000 through October 20, 2000. Gardner subsequently took the leave of absence.
(footnote: 2)  He was absent from work for three weeks. 

After Gardner failed to appear at work for a week, the Deputy Assistant Director of TCJS sent a letter dated October 10, 2000 to Gardner.  The letter indicated that Gardner had not reported to work for seven days and that TCJS considered him to have “abandoned” his job.  The letter further stated, “Your actions indicate that you desire to separate your employment with Tarrant County.”  The Director of TCJS sent Gardner a second letter dated October 24, 2000 which stated that Gardner had missed seventeen consecutive days of work and that TCJS considered him to have “abandoned” his job.  The letter also informed Gardner that the Tarrant County Personnel Office would be removing his name from the payroll.  

Gardner received the October 10 letter on October 24, 2000.  He then called Ann Smith, the Civil Service Coordinator for the Tarrant County Civil Service Commission.  Smith informed Gardner of the appeals process and stated that if he were terminated he would have seven days to appeal from the date of the termination.  Gardner received the October 24 letter on October 25, 2000.  After receiving the second letter, Gardner went to speak with Smith.  On October 27, Gardner met with Smith, told her about the letter he had received on October 25 (the letter dated October 24), and asked about the process for filing a grievance.  At the Commission hearing Gardner testified that Smith told him in this meeting that he would have to write a letter to her and that the next Commissioner’s hearing would be held on November 13, 2000. He further testified that she did not inform him of whether his time to file a grievance had started to run.  Gardner spoke with Smith sometime subsequent to this meeting, and she informed him that it was too late to file a grievance. Nevertheless, on November 13, 2000, Gardner filed a grievance with the Commission contesting the loss of his job.  Smith sent a letter dated November 22, 2000 to Gardner informing him that his grievance dated November 13 was not timely filed pursuant to the Tarrant County Civil Service Rules and that he would “not be allowed access to the grievance process.” 

On December 11, 2000, the Commission considered the limited issue of whether Gardner timely filed his grievance.  Gardner testified before the Commission that he did not file his grievance until November 13 because, based on the letters he received, he did not believe that he was being terminated. Gardner testified that he did not file a grievance within seven days of receiving either the October 10
th
 letter or the October 24
th
 letter.  Gardner admitted, however, that he did have a copy of the Civil Service Rules and that he was aware that the time for filing a grievance is seven days.
(footnote: 3)
 The Commission ruled that Gardner’s grievance was not timely filed. Gardner appealed this ruling to the district court, and the district court found that substantial evidence existed supporting the Commission’s ruling.  Gardner filed a motion for new trial or to modify judgment, which the trial court denied.  Gardner appeals the district court’s judgment.

III.  District Court’s Finding Of Substantial Evidence

Gardner argues that the district court erred by affirming the Commission’s ruling that his grievance was untimely filed.  Gardner asserts that “there is such a dearth of evidentiary support that the Commission’s conclusion cannot be said to be predicated on ‘substantial evidence.’”  The Commission contends that the district court properly concluded that substantial evidence supports the Commission’s ruling. 

A decision by a civil service commission is appealable to a district court and reviewed under the “substantial evidence” rule.  
See 
Tex. Loc. Gov’t Code Ann.
 § 158.012(b) (Vernon 1999).  Substantial evidence is more than a mere scintilla but less than a preponderance of evidence, and as such, the evidence in the record may preponderate against the ruling of the agency, yet still be “substantial.”  
See Tex. Health Facilities Comm’n v. Charter Medical-Dallas, Inc.
 665 S.W.2d 446, 452 (Tex. 1984); 
McKinley Iron Works, Inc. v. Tex. Employment Comm’n, 
917 S.W.2d 468, 470 (Tex. App.—Fort Worth 1996, no writ).  “The true test is not whether the agency reached the correct conclusion, but whether some reasonable basis exists in the record for the action taken by the agency.”  
Charter Medical-Dallas
, 665 S.W.2d at 452.  Thus, the reviewing court may not set aside the Commission’s decision because it would have reached a different conclusion.  
Mercer v. Ross,
 701 S.W.2d 830, 831 (Tex. 1986); 
Bustamante v. Bexar County Sherrif’s Civil Serv. Comm’n, 
27 S.W.3d 50, 52 (Tex. App.—San Antonio 2000, pet. denied).  Reversal is permitted only if the Commission’s decision was made without regard to the law or the facts, thus leading to an unreasonable, arbitrary, or capricious ruling.  
See Mercer, 
701 S.W.2d at 831; 
Bustamante
, 27 S.W.3d at 52.  The decision of the Commission is presumed to be supported by substantial evidence, and the burden is on the contestant to prove otherwise.  
See City of El Paso v. Pub. Utility Comm’n of Tex.,
 883 S.W.2d 179, 185 (Tex. 1994).
 

The significant facts below provide a basis for the Commission ‘s ruling.  They are as follows:

1) Gardner requested a leave of absence from October 2, 2000 to October 20, 2000;

2) Gardner missed three weeks of work;

3) TCJS sent Gardner two letters informing him that they considered him to have “abandoned” his position;

4) Gardner received the two letters on October 24, 2000 and October 25, 2000;

5) Gardner filed his grievance on November 13, 2000.

Additionally, at the Commission hearing, Gardner testified that he had a copy of the Civil Service Rules and that he was aware that the time for filing a grievance is seven days.  He further testified that he did not file a grievance contesting TCJS’s decision that he had “abandoned” his position within seven days of the October 24 letter.
(footnote: 4) 

In response to the question of what he understood the letters to mean, Gardner told the Commission, “My understanding is they were stating I had abandoned my position.”  Gardner also stated, “Basically I didn’t know they were trying to terminate me.”  Thus, on appeal, Gardner argues that he “did not understand that he didn’t have a job.”  He claims “he [Gardner] understood he still had a job, 
and disagreed that he had abandoned his position
.” [Emphasis added.]  It is precisely this disagreement over whether he had abandoned his job that required Gardner to file a grievance within seven days of receiving the October 24 letter.  The language in the letters outlining TCJS’s position that it considered him to have abandoned his job is clear and unambiguous.  Gardner disagreed with TCJS that he had abandoned his position, and it was incumbent upon him to file a grievance contesting TCJS’s conclusion that he abandoned his position within, at the very latest, seven days of receiving the letter dated October 24.  Because Gardner filed the grievance on November 13, 2000, it was untimely.  The above facts provide for more than a scintilla of evidence and furnish some reasonable basis in the record for the action taken by the Commission.  
See Charter Medical-Dallas
, 665 S.W.2d at 452; 
McKinley
, 917 S.W.2d at 470.  Thus, substantial evidence exists to support the district court’s ruling affirming the Commission’s decision.  
See 
Tex. Loc. Gov’t Code Ann.
 § 158.012; 
see generally City of Houston v. Anderson,
 841 S.W.2d 449 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

Gardner also argues, albeit generally, that the Commission’s decision, even if supported by substantial evidence, is arbitrary and capricious.  The Local Government Code states that the district court “shall reverse or remand the case for further proceedings if substantial rights of the petitioner have been prejudiced because the commission’s findings, inferences, conclusions, or decisions are” “arbitrary or capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion.”  
Tex. Loc. Gov’t Code Ann.
 § 158.0121(2)(F).  The Commission heard the testimony of Gardner and was presented with the October 10 and October 24 letters.  Considering the fact that Gardner did not file his grievance contesting the Commission’s decision that he abandoned his position within seven days of receiving the October 24 letter, the “findings, inferences, conclusions, or decisions” of the Commission were not arbitrary or capricious.  
See
 
id
.
 § 158.0121; 
see also Mercer, 
701 S.W.2d at 831; 
Bustamante
, 27 S.W.3d at 53.  We overrule Gardner’s sole point.

IV.  Conclusion

Having overruled Gardner’s sole point, we affirm the district court’s judgment.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and WALKER, JJ.

DELIVERED: January 6, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Gardner claims the leave was authorized, TCJS claims it was not.

3:
Rule 8.02(A) of the Tarrant County Civil Service Rules (“the Rules”) provides,

A. Any employee in classified service who has completed the probationary period satisfactorily and has been removed, suspended or demoted in rank or compensation may, after following the grievance procedure set forth in Chapter VIII, appeal to the Civil Service Commission for relief within seven (7) calendar days after receiving the decision of the affected Appointing Authority concerning that cause.

4:
We agree with the County that the seven day time period during which Gardner should have filed his grievance began at the latest on October 25, 2000, the day he received the letter dated October 24, 2000.