COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-130-CV
  
  
TEDRICKE 
GARDNER                                                             APPELLANT
  
V.
  
TARRANT 
COUNTY CIVIL SERVICE                                          APPELLEES
COMMISSION 
AND TARRANT COUNTY, TEXAS
 
 
------------
 
FROM 
THE 141ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
 
I. Introduction
        Appellant 
Tedricke Gardner complains of the district court’s decision affirming the 
Tarrant County Civil Service Commission’s (“Commission”) ruling that he 
failed to timely file his grievance contesting the loss of his job. In one 
point, Gardner argues that substantial evidence does not exist to support the 
Commission’s ruling that his grievance was filed untimely. We will affirm.
II. Factual and 
Procedural Background
        Gardner 
worked as a probation officer with Tarrant County Juvenile Services (“TCJS”). 
On September 11, 2000, he submitted a request for a three-week leave of absence, 
from October 2, 2000 through October 20, 2000. Gardner subsequently took the 
leave of absence.[2]  He was absent from work for 
three weeks.
        After 
Gardner failed to appear at work for a week, the Deputy Assistant Director of 
TCJS sent a letter dated October 10, 2000 to Gardner.  The letter indicated 
that Gardner had not reported to work for seven days and that TCJS considered 
him to have “abandoned” his job.  The letter further stated, “Your 
actions indicate that you desire to separate your employment with Tarrant 
County.”  The Director of TCJS sent Gardner a second letter dated October 
24, 2000 which stated that Gardner had missed seventeen consecutive days of work 
and that TCJS considered him to have “abandoned” his job.  The letter 
also informed Gardner that the Tarrant County Personnel Office would be removing 
his name from the payroll.
        Gardner 
received the October 10 letter on October 24, 2000.  He then called Ann 
Smith, the Civil Service Coordinator for the Tarrant County Civil Service 
Commission. Smith informed Gardner of the appeals process and stated that if he 
were terminated he would have seven days to appeal from the date of the 
termination.  Gardner received the October 24 letter on October 25, 
2000.  After receiving the second letter, Gardner went to speak with 
Smith.  On October 27, Gardner met with Smith, told her about the letter he 
had received on October 25 (the letter dated October 24), and asked about the 
process for filing a grievance.  At the Commission hearing Gardner 
testified that Smith told him in this meeting that he would have to write a 
letter to her and that the next Commissioner’s hearing would be held on 
November 13, 2000.  He further testified that she did not inform him of 
whether his time to file a grievance had started to run.  Gardner spoke 
with Smith sometime subsequent to this meeting, and she informed him that it was 
too late to file a grievance.
        Nevertheless, 
on November 13, 2000, Gardner filed a grievance with the Commission contesting 
the loss of his job.  Smith sent a letter dated November 22, 2000 to 
Gardner informing him that his grievance dated November 13 was not timely filed 
pursuant to the Tarrant County Civil Service Rules and that he would “not be 
allowed access to the grievance process.”
        On 
December 11, 2000, the Commission considered the limited issue of whether 
Gardner timely filed his grievance.  Gardner testified before the 
Commission that he did not file his grievance until November 13 because, based 
on the letters he received, he did not believe that he was being terminated. 
Gardner testified that he did not file a grievance within seven days of 
receiving either the October 10th letter or the October 24th 
letter.  Gardner admitted, however, that he did have a copy of the Civil 
Service Rules and that he was aware that the time for filing a grievance is 
seven days.[3]
        The 
Commission ruled that Gardner’s grievance was not timely filed. Gardner 
appealed this ruling to the district court, and the district court found that 
substantial evidence existed supporting the Commission’s ruling.  Gardner 
filed a motion for new trial or to modify judgment, which the trial court 
denied.  Gardner appeals the district court’s judgment.
III. District 
Court’s Finding Of Substantial Evidence
        Gardner 
argues that the district court erred by affirming the Commission’s ruling that 
his grievance was untimely filed. Gardner asserts that “there is such a dearth 
of evidentiary support that the Commission’s conclusion cannot be said to be 
predicated on ‘substantial evidence.’”  The Commission contends that 
the district court properly concluded that substantial evidence supports the 
Commission’s ruling.
        A 
decision by a civil service commission is appealable to a district court and 
reviewed under the “substantial evidence” rule.  See Tex. Loc. Gov’t Code Ann. § 
158.012(b) (Vernon 1999).  Substantial evidence is more than a mere 
scintilla but less than a preponderance of evidence, and as such, the evidence 
in the record may preponderate against the ruling of the agency, yet still be 
“substantial.”  See Tex. Health Facilities Comm’n v. Charter 
Medical-Dallas, Inc. 665 S.W.2d 446, 452 (Tex. 1984); McKinley Iron 
Works, Inc. v. Tex. Employment Comm’n, 917 S.W.2d 468, 470 (Tex. 
App.—Fort Worth 1996, no writ).  “The true test is not whether the 
agency reached the correct conclusion, but whether some reasonable basis exists 
in the record for the action taken by the agency.”  Charter 
Medical-Dallas, 665 S.W.2d at 452.  Thus, the reviewing court may not 
set aside the Commission’s decision because it would have reached a different 
conclusion.  Mercer v. Ross, 701 S.W.2d 830, 831 (Tex. 1986); Bustamante 
v. Bexar County Sherrif’s Civil Serv. Comm’n, 27 S.W.3d 50, 52 (Tex. 
App.—San Antonio 2000, pet. denied).  Reversal is permitted only if the 
Commission’s decision was made without regard to the law or the facts, thus 
leading to an unreasonable, arbitrary, or capricious ruling. See Mercer, 
701 S.W.2d at 831; Bustamante, 27 S.W.3d at 52.  The decision of the 
Commission is presumed to be supported by substantial evidence, and the burden 
is on the contestant to prove otherwise.  See City of El Paso v. Pub. 
Utility Comm’n of Tex., 883 S.W.2d 179, 185 (Tex. 1994).
        The 
significant facts below provide a basis for the Commission ‘s ruling.  
They are as follows:
1) 
Gardner requested a leave of absence from October 2, 2000 to October 20, 2000;
 
2) 
Gardner missed three weeks of work;
 
3) 
TCJS sent Gardner two letters informing him that they considered him to have 
“abandoned” his position;
 
4) 
Gardner received the two letters on October 24, 2000 and October 25, 2000;
 
5) 
Gardner filed his grievance on November 13, 2000.
Additionally, 
at the Commission hearing, Gardner testified that he had a copy of the Civil 
Service Rules and that he was aware that the time for filing a grievance is 
seven days. He further testified that he did not file a grievance contesting 
TCJS’s decision that he had “abandoned” his position within seven days of 
the October 24 letter.[4]
        In 
response to the question of what he understood the letters to mean, Gardner told 
the Commission, “My understanding is they were stating I had abandoned my 
position.”  Gardner also stated, “Basically I didn’t know they were 
trying to terminate me.”  Thus, on appeal, Gardner argues that he “did 
not understand that he didn’t have a job.”  He claims “he [Gardner] 
understood he still had a job, and disagreed that he had abandoned his 
position.” [Emphasis added.]  It is precisely this disagreement over 
whether he had abandoned his job that required Gardner to file a grievance 
within seven days of receiving the October 24 letter.  The language in the 
letters outlining TCJS’s position that it considered him to have abandoned his 
job is clear and unambiguous.  Gardner disagreed with TCJS that he had 
abandoned his position, and it was incumbent upon him to file a grievance 
contesting TCJS’s conclusion that he abandoned his position within, at the 
very latest, seven days of receiving the letter dated October 24.  Because 
Gardner filed the grievance on November 13, 2000, it was untimely.  The 
above facts provide for more than a scintilla of evidence and furnish some 
reasonable basis in the record for the action taken by the Commission.  See 
Charter Medical-Dallas, 665 S.W.2d at 452; McKinley, 917 S.W.2d at 
470.  Thus, substantial evidence exists to support the district court’s 
ruling affirming the Commission’s decision.  See Tex. Loc. Gov’t Code Ann. § 158.012; see 
generally City of Houston v. Anderson, 841 S.W.2d 449 (Tex. App.—Houston 
[1st Dist.] 1992, writ denied).
        Gardner 
also argues, albeit generally, that the Commission’s decision, even if 
supported by substantial evidence, is arbitrary and capricious.  The Local 
Government Code states that the district court “shall reverse or remand the 
case for further proceedings if substantial rights of the petitioner have been 
prejudiced because the commission’s findings, inferences, conclusions, or 
decisions are” “arbitrary or capricious, characterized by abuse of 
discretion, or clearly an unwarranted exercise of discretion.”  Tex. Loc. Gov’t Code Ann. § 
158.0121(2)(F).  The Commission heard the testimony of Gardner and was 
presented with the October 10 and October 24 letters.  Considering the fact 
that Gardner did not file his grievance contesting the Commission’s decision 
that he abandoned his position within seven days of receiving the October 24 
letter, the “findings, inferences, conclusions, or decisions” of the 
Commission were not arbitrary or capricious.  See id. § 
158.0121; see also Mercer, 701 S.W.2d at 831; Bustamante, 27 
S.W.3d at 53.  We overrule Gardner’s sole point.
IV. Conclusion
        Having 
overruled Gardner’s sole point, we affirm the district court’s judgment.
   
  
                                                          SUE 
WALKER
                                                          JUSTICE
  
  
PANEL 
A:   CAYCE, C.J.; HOLMAN and WALKER, JJ.
 
DELIVERED: 
January 6, 2005

NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Gardner claims the leave was authorized, TCJS claims it was not.
3.  
Rule 8.02(A) of the Tarrant County Civil Service Rules (“the Rules”) 
provides,
 
A. Any employee in classified service who has completed the probationary period 
satisfactorily and has been removed, suspended or demoted in rank or 
compensation may, after following the grievance procedure set forth in Chapter 
VIII, appeal to the Civil Service Commission for relief within seven (7) 
calendar days after receiving the decision of the affected Appointing Authority 
concerning that cause.
4.  
We agree with the County that the seven day time period during which Gardner 
should have filed his grievance began at the latest on October 25, 2000, the day 
he received the letter dated October 24, 2000.