In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00514-CV


____________________



TEXAS EDUCATION AGENCY, Appellant



V.



T.F.G., Appellee






On Appeal from the 252nd District Court 


Jefferson County, Texas


Trial Cause No. X-828






MEMORANDUM TO CLERK


 You are directed to make the following correction in the opinion dated August 27,
2009:

 On page 10, in the second paragraph, change the citation of Tex. R. Civ. P. 43.3 to
Tex. R. App. P. 43.3.

 You will give notice of the correction of the original opinion by sending a copy of
corrected page 10, accompanied by this memorandum, to all interested parties who received
a copy of the original opinion.

 Entered this the 16th day of November, 2009.

 PER CURIAM


In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-08-00514-CV


____________________



TEXAS EDUCATION AGENCY, Appellant



V.



T.F.G., Appellee






On Appeal from the 252nd District Court 


Jefferson County, Texas


Trial Cause No. X-828






OPINION


 After an acquittal on the charge of indecency with a child, T.F.G., appellee, was
granted an expunction by the trial court. In two issues, appellant, Texas Education Agency,
("TEA") appeals the trial court's expunction order. We reverse the trial court's order and
remand the case for further proceedings. 

BACKGROUND


 T.F.G. was found not guilty of the charge of indecency with a child in a bench trial
and subsequently filed a request for expunction. TEA was listed in the request for
expunction as an agency believed to have records or files pertaining to T.F.G. in connection
with the alleged offense and subject to expunction. See Tex. Code Crim. Proc. Ann. art.
55.02, § 2(a)(8)(A) (Vernon Supp. 2008). TEA, however, was not given notice of the
expunction hearing as required by the Texas Code of Criminal Procedure. See id. § 2(c). 
The expunction hearing was held on August 28, 2008. The trial court granted T.F.G.'s
request for expunction and entered an expunction order, which stated, in pertinent part, that
the listed agencies, including TEA, "shall return to this Court all files and records they have
pertaining to [T.F.G.], arising out of the transaction of indecency with a child, an arrest on
or about the 31st day of December, 2001, said arrest having been made by Beaumont Police
Department." TEA received a copy of the expunction order on September 15, 2008, and
filed a motion for new trial shortly thereafter. The trial court denied TEA's motion. 

 TEA moved for reconsideration of its motion for new trial and filed a memorandum
of law in support of its motion for new trial. In its memorandum, TEA objected not only to
lack of notice of the hearing, but also to the breadth of the trial court's expunction order. 
TEA contended that while T.F.G. was not convicted of the underlying offense, upon
presentation of evidence in an administrative hearing with a different standard of proof than
"beyond a reasonable doubt," the alleged conduct made the basis of his arrest may subject
his educator certification to sanctions pursuant to section 249.15 of the Texas Administrative
Code. See 19 Tex. Admin. Code § 249.15 (2009) (State Bd. for Educator Certification,
Disciplinary Proceedings, Sanctions, and Contested Cases). TEA agreed that any reference
to T.F.G.'s arrest should be expunged but argued that not all records in its possession
regarding T.F.G.'s conduct should be subject to the expunction order. The trial court granted
the motion for new trial and held another hearing on T.F.G.'s motion to expunge on October
27, 2008. TEA was represented by counsel through the Texas Attorney General's Office at
the hearing. 

 At the hearing on T.F.G.'s motion to expunge, TEA recognized that T.F.G. was
entitled to expunction, but took the position that it had in its possession records that were
related to the alleged incident and T.F.G.'s underlying conduct that were not related to
T.F.G.'s arrest and, therefore, were not subject to expunction. The trial court explained its
view of the effect of the expunction statute, "[i]f [T.F.G.] has been acquitted, the law says
that it's like it never happened. It does not exist. It's not out there." The Court further
stated,

 Again, the order is any and every original that pertains to [T.F.G.] that
can in any form or fashion be associated with the indecency with a child
charge, whether it was two years ago, whether it was five years ago, whether
it was yesterday, whether it's today. Every single one of those originals shall
be forwarded to me. 


 After argument by both parties, the trial court entered an amended expunction order,
which stated in pertinent part:

 The Court further finds contrary to the belief of the Texas Attorney
General's counsel and TEA that to follow the law would in effect "wipe
Petitioner's record clean." This is the very premise[] and purpose of Art.
55.01 and 55.02 upon acquittal and it is the intent of this order to "wipe the
record clean" without further delay and harm to the Petitioner.


 THE COURT hereby ORDERS the Attorney General's office,
representing TEA, to provide any and all original records, pertaining to
[T.F.G.], to the Court for destruction or review in camera those documents to
which Attorney General's office deems the retention is necessary and not
discretionary per the statute. These records must be in the Court's possession
on or before 10:30 am on Monday, November 3, 2008. 


 Therefore, the Court grants the expunction in accordance with Article
55.01 and 55.02 of the Code of Criminal Procedure of the State of Texas. The
Court hereby grants the expunction of records pertaining to [T.F.G.] in the
information stated below. 


 Pursuant to the court's order TEA submitted to the Court "all documents in TEA's
possession relating to the arrest of [T.F.G.] on the charge of Indecency with a Child" as well
as documents TEA wished to retain "because they contain[ed] other information that would
be essential to TEA's ability to insure that a teaching certificate is not issued to [T.F.G.], if,
in fact, it is established that he is unworthy to instruct pursuant to the Educators' Code of
Ethics . . . ." (1) 

 On November 24, 2008, TEA filed a notice of appeal, appealing the trial court's
amended order of expunction. In two issues, TEA argues that (1) the trial court's order
requiring TEA to relinquish all of its records pertaining to T.F.G. is overly broad, and (2) the
trial court's order is void because it failed to comply with all statutory requirements. 

ISSUE ONE


 Appellee argues that an abuse of discretion standard should apply. A trial court's
ruling on a petition for expunction is reviewed under an abuse of discretion standard. State
v. Echeverry, 267 S.W.3d 423, 424 (Tex. App.--Corpus Christi 2008, pet. denied). However,
here TEA does not contest T.F.G.'s right to an expunction. What is at issue in this appeal
is the interpretation and construction of the expunction statute, specifically the scope of the
statute. We review issues of statutory construction de novo. Subaru of Am., Inc. v. David
McDavid Nissan, Inc., 84 S.W.3d 212, 222 (Tex. 2002). 

 Article 55.01(a) of the Texas Code of Criminal Procedure provides in part that a
person who has been arrested for the commission of a felony or misdemeanor and who has
been tried and acquitted is entitled to have "all records and files relating to the arrest
expunged," except as further provided by article 55.01. Tex. Code Crim. Proc. Ann. art.
55.01(a) (Vernon 2006). On appeal, TEA asserts that its concern regarding the trial court's
"broad construction of 'all records and files relating to the arrest' in article 55.01(a) springs
from its statutory mandate to provide administrative functions and services to the State Board
for Educator Certification." See Tex. Educ. Code Ann. § 21.035 (Vernon Supp. 2008); 19
Tex. Admin. Code § 249.3(44), .14(m)(1). TEA explains that it fulfills that mandate by
administratively reviewing and denying applications for educator certification and
commencing contested cases against teaching certificate holders where appropriate. See 19
Tex. Admin. Code § 249.12(a)-(b), .15(a)-(c). Either of those actions may be based on
"satisfactory evidence" that an applicant lacks good moral character or is unworthy to
instruct or supervise Texas youth. Id. § 249.12(b)(2), (4), .15(b)(7); see also id. § 249.12(b)
(listing additional grounds for administratively denying an application for certification);
.15(b) (listing additional grounds for disciplining certificate holders).

 TEA argues that the legislature's intent in enacting chapter 55 was to "expunge only
the fact of a wrongful arrest" and that "[t]he object of chapter 55 was certainly not to wipe
agencies' files clean of any information about a person whose arrest records alone are
expunged." T.F.G. argues that the purpose of chapter 55 is to "provide those who have been
acquitted with a 'fresh start' from allegations of wrongdoing," and any documents
"memorializing the events leading to the charge are included within the ambit of documents
'related to the arrest.'" We have found no Texas cases directly addressing what constitutes
records and files "relating to the arrest expunged." See Tex. Code Crim. Proc. Ann. art.
55.01(a). However, several courts of appeals have recognized that an agency may possess
and retain documents related to the acquitted defendant, which are not subject to expunction. 
See Carson v. State, 65 S.W.3d 774, 785 (Tex. App.--Fort Worth 2001, no pet.); S.P. v.
Dallas County Child Welfare Unit of the Tex. Dep't of Human Res., 577 S.W.2d 385, 388
(Tex. App.--Eastland 1979, writ ref'd n.r.e.); see generally City of Fort Worth v. Tuckness,
165 S.W.3d 425, 429 n.5 (Tex. App.--Fort Worth 2005, no pet.).

 In Carson, Carson had been employed by the City of Burleson as a police officer. 
Carson, 65 S.W.3d at 777. Following acquittal for a class C misdemeanor offense, Carson
filed a petition for expunction. Id. The trial court denied Carson's petition and Carson
appealed. Id. In response to Carson's appeal, the City of Burleson argued, in part, that any
files it retained regarding Carson's arrest were held in its capacity as Carson's former
employer and not in its capacity as a state agency. Id. at 784. Burleson argued, therefore,
its records should not be made part of any expunction order the court may enter. Id. The
Court declined to "globally exempt" all Burleson's records and files from the trial court's
expunction order based on its capacity argument. (2) Id. However, the court noted, "our
capacity ruling does not preclude Burleson from offering evidence on remand that at least
some of the records and files it possesses are not subject to expunction." Id. at 785. The
court explained,

 The obvious objective of the expunction statute is to remove from public
access and from access by the officials and agencies named in the order all
evidence of a petitioner's arrest and the charges made against him. This
evidence consists generally of the indictment and the photographs,
fingerprints, and other matters comprising the arrest record and records
relating to the expunction proceeding. To the extent Burleson possesses
records other than these types of records, they are not subject to expunction. 
Our refusal to exempt Burleson in toto from the expunction proceedings on
capacity grounds does not deprive Burleson of its ability, like any other agency
or entity listed in Carson's petition, to contest expunction of records and files
that are unrelated to the arrest. 


Id. (citations omitted) (emphasis added).

 

 Similarly, in S.P. v. Dallas County Child Welfare Unit, Child Welfare and the
guardian ad litem argued that the expunction procedures in chapter 55 were not applicable
to the Child Welfare Unit and the Department of Human Resources. S.P., 577 S.W.2d at
388. The court disagreed, concluding that chapter 55 clearly provides for the expunction of
all records and files relating to the arrest upon a showing by petitioner that he is eligible for
expunction. Id. However, the court noted that certain reports made to and by the Department
of Human Resources were not subject to expunction. Id. The court stated,

 It should be noted that nonaccusatory reports under Section 34.02, Texas
Family Code (Supp. 1978), are not subject to expunction under Articles 55.01-55.05, supra. It should also be noted that investigations and written reports
authorized by Section 34.05, Texas Family Code (Supp. 1978), are not subject
to expunction, except for any references in such reports which are based upon
police records and files relating to the arrest. Those references must be
expunged.


Id. The court affirmed and modified the trial court's order to reflect the court's finding that 

 [a]rticle 55.01 . . . provides for expunction of all records of [the] arrest;
however, the records of the investigation of this incident by Dallas County
Child Welfare Unit of the Texas Department of Human Resources pursuant to
Section 34.05 of the Texas Family Code (except for any references in those
records which are based upon the police records and files relating to the arrest)
are not subject to expunction.


Id. The S.P. court recognized that documents resulting from child abuse reports and
investigations, including agency reports regarding internal investigations arising out of child
abuse reports, were not subject to expunction except to the extent that there were references
in those documents "based upon police records and files relating to the arrest." See id.; cf.
Bustamante v. Bexar County Sheriff's Civil Ser. Comm'n, 27 S.W.3d 50, 53-54 (Tex. App.--San Antonio 2000, pet. denied) (finding commission did not violate statutory expunction
protection where officers who testified about the events relating to defendant's arrest did not
rely on expunged records or files but instead testified based on personal observations of
marijuana at the defendant's home and her conduct during their investigation). 

 According to TEA, TEA has its own staff of investigators who gather information
about educator certificate holders and applicants through a variety of means. It is certainly
possible that TEA may have documents or files which pertain to T.F.G., and the allegations
made against him, separate and apart from the records and files relating to the criminal
investigation, arrest, and prosecution of T.F.G. for the offense. This is particularly true in
the present case where the alleged conduct occurred almost five years prior to T.F.G. being
arrested for the offense. Based on our reading of the plain language of the statute, we believe
the statute's intent is not to erase all evidence of the underlying conduct, but to expunge any
evidence of the criminal investigation, subsequent arrest and prosecution for that conduct. 
See generally Tex. Code Crim. Proc. Ann. art. 55.01(a). This interpretation is in line with
our fellow courts of appeals' application of this statute, as set forth above. See generally
Carson, 65 S.W.3d at 785; S.P., 577 S.W.2d at 388. We conclude that only documents and
records that pertain to the criminal investigation, arrest, and prosecution of T.F.G., can be
said to "relate to the arrest." Any other documents resulting from TEA's internal
investigation are not subject to expunction, except for references in any such documents that
are based on the criminal investigation and subsequent arrest of T.F.G. 

 T.F.G. argues on appeal that the in camera review provision of the trial court's order
undermines TEA's claim that the expunction order is overbroad. We find it appropriate for
the trial court to perform an in camera review of the documents TEA claims are not subject
to expunction. However, we find that it was improper for the court to issue its expunction
order prior to making that determination. We remand this case so that the trial court may
modify its amended expunction order to follow the language of the statute and conduct an
in camera review in accordance with the parameters of this opinion. Tex. R. App. P. 43.3. 
We are confident that the trial court will follow the mandates of this opinion. We sustain
issue one.

ISSUE TWO 


 Issue two contends the expunction order is void because the trial court failed to
include a copy of the judgment of acquittal and the tracking incident number assigned to
T.F.G.'s arrest. If sustained, this issue would not entitle TEA to greater relief than we have
granted in disposing of the first issue. As it is not necessary to final disposition of appeal,
we decline to address issue two. See Tex. R. App. P. 47.1.

 REVERSED AND REMANDED.


 __________________________________

 CHARLES KREGER

 Justice


Submitted on June 11, 2009

Opinion Delivered August 27, 2009


Before Gaultney, Kreger, and Horton, JJ.
1. On November 5, 2008, the court conducted a hearing regarding issuance of a show-cause notice to TEA. According to the court, after reviewing the documents produced by
TEA in response to the court's expunction order the court was of the impression that TEA
had not fully complied with the court's order. Following a phone call from the trial court,
prior to the show cause hearing, TEA submitted additional documents to the trial court.
2. The court of appeals found that Burleson did not file a verified pleading in
compliance with rule 93 of the Texas Rules of Civil Procedure asserting its capacity defense,
and therefore could not raise the argument for the first time on appeal. Carson, 65 S.W.3d
at 784.