

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-08-375-CR**
**NO. 2-08-376-CR**

JERRY WAYNE WILLIAMS                                                          APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In each of two cases, a jury convicted Appellant Jerry Wayne Williams of two counts of aggravated sexual assault of a child and two counts of indecency with a child. The two complainants were his wife's grandsons. The jury assessed Appellant's punishment at seventy-five years' confinement on each count of aggravated sexual assault of a child and twenty years' confinement on each count of indecency with a child. The trial court sentenced him accordingly and ordered that

---

[1] *See* Tex. R. App. P. 47.4.

all sentences would run concurrently. In his sole point, Appellant contends that the trial court erred by admitting evidence in the punishment phase relating to an offense that had been previously expunged. Because we hold that the trial court did not abuse its discretion by admitting testimony of the former complainant recounting Appellant's acts committed against her, we overrule Appellant's sole point and affirm the trial court's judgments.

In 1984, "[a]ny and all records and/or files of [Appellant] concerning [his] arrest on August 4, 1980, in Tarrant County, Texas" were ordered expunged by a criminal district court. Hurst Police Department was included in the list of agencies specifically ordered to return to the court or to obliterate references in all of its records concerning the August 4, 1980 arrest.

In the current cases, when the State was investigating an extraneous offense involving one of Appellant's now adult daughters, M.J., it requested records from the Hurst Police Department. Included in the records received by the State was a transcript of a June 7, 1985 interview with another now adult daughter, C.E. In the interview, then thirteen-year-old C.E. told the police that Appellant had touched her breasts and female sexual organ on multiple occasions when she was seven and eight years old and had also forced her to touch his genitals.

But the trial court did not admit any records or testimony about the records of the 1980 arrest. Instead, C.E. testified over objection that Appellant, her biological father, had sexually abused her, that it began when she was seven years old, that

2

it included his touching her genitals and vice versa, showers, and pornography. She also spoke about the long-term emotional effects of the sexual abuse on her life and testified that she had additionally witnessed Appellant touching M.J. inappropriately.

A plain reading of the expunction statute demonstrates that "the statute's intent is not to erase all evidence of the underlying conduct."[2]  Rather, after an expunction order is final, "the release, maintenance, dissemination, or use of the *expunged records and files* for any purpose is prohibited" and "the person arrested or any other person, when questioned under oath in a criminal proceeding *about an arrest* for which the records have been expunged, may state only that the matter in question has been expunged."[3]  The statute does not limit independent evidence about the underlying conduct.[4]

Consequently, even if the conduct about which C.E. testified was the same conduct for which Appellant was arrested on August 4, 1980, we hold that the trial

---

[2] *Tex. Educ. Agency v. T.F.G.*, 295 S.W.3d 398, 403 (Tex. App.—Beaumont 2009, no pet.).

[3] Tex. Code Crim. Proc. Ann. art. 55.03 (Vernon 2006) (emphasis added).

[4] *See Bustamante v. Bexar County Sheriff's Civil Serv. Comm'n*, 27 S.W.3d 50, 53–54 (Tex. App.—San Antonio 2000, pet. denied) (holding that expunction statute was not violated when commission relied on "officers' testimony about their personal observations of marijuana at Bustamante's home and about her conduct during their investigation" and not "on expunged records or files"); *see also Doty v. State*, No. 03-03-668-CR, 2005 WL 1240697, at *5 (Tex. App.—Austin May 26, 2005) (mem. op., not designated for publication) (upholding officers' testimony of events that led to an arrest because their testimony was based on their memories, not on expunged offense reports), *pet. dism'd as improvidently granted*, No. PD-1159-05, 2007 WL 841112, at *1 (Tex. Crim. App. Mar. 21, 2007).

court did not abuse its discretion by admitting C.E.'s testimony.  We overrule

Appellant's sole point and affirm the trial court's judgments.


LEE ANN DAUPHINOT
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  June 10, 2010