COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                                 NO.
2-08-375-CR

                                                 NO.
2-08-376-CR

 

 

JERRY WAYNE WILLIAMS                                                                APPELLANT

 

                                                             V.

 

THE STATE OF TEXAS                                                                             STATE

 

                                                       ------------

 

          FROM
CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

 

                                                       ------------

 

                                      MEMORANDUM OPINION[1]

 

                                                       ------------








In each
of two cases, a jury convicted Appellant Jerry Wayne Williams of two counts of
aggravated sexual assault of a child and two counts of indecency with a
child.  The two complainants were his
wife=s
grandsons.  The jury assessed Appellant=s
punishment at seventy-five years=
confinement on each count of aggravated sexual assault of a child and twenty
years=
confinement on each count of indecency with a child.  The trial court sentenced him accordingly and
ordered that all sentences would run concurrently.  In his sole point, Appellant contends that
the trial court erred by admitting evidence in the punishment phase relating to
an offense that had been previously expunged. 
Because we hold that the trial court did not abuse its discretion by
admitting testimony of the former complainant recounting Appellant=s acts
committed against her, we overrule Appellant=s sole
point and affirm the trial court=s
judgments.

In 1984, A[a]ny and
all records and/or files of [Appellant] concerning [his] arrest on August 4,
1980, in Tarrant County, Texas@ were
ordered expunged by a criminal district court. 
Hurst Police Department was included in the list of agencies
specifically ordered to return to the court or to obliterate references in all
of its records concerning the August 4, 1980 arrest.

In the
current cases, when the State was investigating an extraneous offense involving
one of Appellant=s now adult daughters, M.J., it
requested records from the Hurst Police Department.  Included in the records received by the State
was a transcript of a June 7, 1985 interview with another now adult daughter,
C.E.  In the interview, then
thirteen-year-old C.E. told the police that Appellant had touched her breasts
and female sexual organ on multiple occasions when she was seven and eight
years old and had also forced her to touch his genitals.








But the trial court did not admit any records
or testimony about the records of the 1980 arrest.  Instead, C.E. testified over objection that
Appellant, her biological father, had sexually abused her, that it began when
she was seven years old, that it included his touching her genitals and vice
versa, showers, and pornography.  She
also spoke about the long-term emotional effects of the sexual abuse on her
life and testified that she had additionally witnessed Appellant touching M.J.
inappropriately.

A plain reading of the expunction statute
demonstrates that Athe statute=s intent
is not to erase all evidence of the underlying conduct.@[2]  Rather, after an expunction order is final, Athe
release, maintenance, dissemination, or use of the expunged records and
files for any purpose is prohibited@ and Athe
person arrested or any other person, when questioned under oath in a criminal
proceeding about an arrest for which the records have been expunged, may
state only that the matter in question has been expunged.@[3]  The statute does not limit independent
evidence about the underlying conduct.[4]








Consequently, even if the conduct about which
C.E. testified was the same conduct for which Appellant was arrested on August
4, 1980, we hold that the trial court did not abuse its discretion by admitting
C.E.=s
testimony.  We overrule Appellant=s sole
point and affirm the trial court=s
judgments.

 

 

LEE
ANN DAUPHINOT

JUSTICE

 

PANEL:  LIVINGSTON, C.J.;
DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 10, 2010











[1]See Tex. R. App. P. 47.4.





[2]Tex. Educ. Agency v. T.F.G., 295 S.W.3d 398, 403
(Tex. App.CBeaumont 2009, no pet.).





[3]Tex. Code Crim. Proc. Ann.
art. 55.03 (Vernon 2006) (emphasis added).





[4]See Bustamante v. Bexar
County Sheriff=s Civil Serv. Comm=n, 27 S.W.3d 50, 53B54 (Tex. App.CSan Antonio 2000, pet.
denied) (holding that expunction statute was not violated when commission
relied on Aofficers= testimony about their
personal observations of marijuana at Bustamante=s home and about her
conduct during their investigation@ and not Aon expunged records or files@); see also Doty v.
State, No. 03-03-668-CR, 2005 WL 1240697, at *5 (Tex. App.CAustin May 26, 2005) (mem.
op., not designated for publication) (upholding officers= testimony of events that
led to an arrest because their testimony was based on their memories, not on
expunged offense reports), pet. dism=d as improvidently granted, No. PD-1159-05, 2007 WL
841112, at *1 (Tex. Crim. App. Mar. 21, 2007).